<hr />

[No. 5091.]

P. B. LADD, EXECUTOR OF THE ESTATE OF ADAM MEYER, DECEASED, v. COLEMAN TULLY AND EDWARD DURKIN.

WHEN FINDING WILL NOT SUPPORT JUDGMENT FOR THE PLAINTIFF.—A finding "that all the material facts set forth in the complaint are true," will not support a judgment for the plaintiff.

APPEAL from the District Court, Third Judicial District, City and County of San Francisco.

The facts out of which this action arose are stated in the case of *Meyer* v. *Tully* (46 Cal. 70). The complaint in this case, after detailing all the facts of above case, averred that after the remittitur went down, the case was tried and judgment was rendered for the plaintiff; and that, while the appeal was pending, Tully & Durkin caused an execution to issue on the judgment, and caused the sheriff to levy on and sell a large amount of personal property belonging to Meyer; and that Meyer had since died, and the plaintiff was the executor of his will. Judgment was asked for damages. The plaintiff had judgment and the defendants appealed.

The other facts are stated in the opinion.

*J. C. Bates,* for the Appellants.

*P. B Ladd,* for the Respondent.

By the Court, CROCKETT, J.:

The court finds, "That all the material facts set forth in the complaint are true," and thereupon entered a judgment for the plaintiff. The finding is insufficient and will not support the judgment. While it is permissible in the findings to refer to a pleading, as for example, that a note or mortgage set forth in the complaint was executed by the party at the time therein alleged, yet in such cases " the reference should be distinct and pointed, so as to leave no doubt as to what particular facts are intended." (*Breeze* v. *Doyle,* 19 Cal. 101.) In the same case it is said that the true test of the sufficiency of a finding is whether it would answer if presented by a jury in the form of a special verdict. Nor is a finding good which states only general conclusions, leaving it doubtful what particular facts were established. (*Polhemus* v. *Carpenter,* 42 Cal. 375.) Tested by these rules, the finding in this case is insufficient. The finding is that all the "material" facts stated in the complaint are true. But we have no means of determining what facts the court deemed "material," and have no information from the findings on this point. So loose a method of finding the facts cannot be tolerated, and would lead to the most serious perplexities.

Judgment reversed, and cause remanded for a new trial. Remittitur forthwith.

Mr. Chief Justice WALLACE did not express an opinion.