52   417
78    65
52   417
143  688

[No. 5387.]

# ELLIOTT SWIFT v. P. H. CANAVAN.

FINDING OF FACTS.—If affirmative matter is set up in the answer which constitutes a valid defense, the Court must find on the issues thus raised, if it tries the case without a jury.

TRESPASS.—If a city owns and is seized and possessed of land, and an act is passed by the Legislature appointing Commissioners to improve it, and authorizing them to take possession of it, the Commissioners may, in a careful manner, remove from the premises one who occupies the same as a servant and employee of the city, and may also remove his buildings.

APPEAL from the District Court, Third Judicial District, City and County of San Francisco.

The plaintiff alleged that about the 10th of August, 1870, the defendants Canavan, McLane, and Eastland, by their agents and servants Berry and Hewes, wrongfully broke and entered his close and dwelling-house in San Francisco, near the north-westerly line of Market Street, between Jones and Larkin Streets, and with force and arms removed the house from the land, and also destroyed other property of the plaintiff, and that by reason of the premises the plaintiff and his family were deprived of a place of residence. Damages were claimed in the sum of fifty thousand dollars. The defendants, in their answers, set up that the City and County of San Francisco owned and was seized and possessed of a large tract of land known as Yerba Buena Park, on which was situated the close and dwelling-house and property described in the complaint; and that the plaintiff and his family occupied the premises by permission of and as the servants and employees of said city and county; and that on the 4th day of April, 1870, the Legislature of the State of California passed an act to provide for the erection of a City Hall in said city and county on said park, and to authorize the Governor to appoint three persons to serve as a Board of Commissioners for the construction of the hall; and that the Governor, on the 27th of April, 1870, appointed the defendants, Canavan, McLane, and Eastland, such Commissioners; and that the act also authorized the Commissioners to take possession of said park, and to grade the same; and that they notified the defendant to remove his house and property from the premises, but he refused to do so; and that then they, by their servants and employees, the other defendants, removed from the premises the dwelling-house and other property belonging to the plaintiff, which was the trespass complained of. The Court found that on the 10th of August, 1870, the plaintiff, with his family, resided in a two-story house on the premises; and that the premises were enclosed with a picket fence, and were in Yerba Buena Park; and that Canavan, McLane, and Eastland were Commissioners under said act, and notified the plaintiff to va-

cate the premises, and that he refused to do so; and that de-fendant Berry then, in obedience to their orders, by means of a steam-paddy, lifted the house, with plaintiff and his wife in it, and removed it into Market Street; and that the defendants then took possession of the premises. Judgment was rendered for the plaintiff for seven hundred and fifty dollars. The defend-ants appealed from the judgment, and from an order denying a new trial. The other facts are stated in the opinion.

*W. C. Burnett,* for the Appellants.

*James McCabe,* for the Respondent.

By the COURT:

The affirmative matter set up in the answers of the defend-ants, if true, constituted a valid defense to the action, and it was the duty of the Court below to find upon the issues thus presented. Among these issues was the question whether, at the time of the alleged grievances, and before and after that time, the City and County of San Francisco was the owner, and seized and possessed of the *locus in quo,* and whether the plaintiff and his family occupied the premises by the permis-sion of and as the servants and employees of said city and county, and not otherwise. On these material issues the findings are silent, and until they were disposed of, no judgment could be properly pronounced.

The judgment is, therefore, reversed, and the cause remanded, with an order to the Court below, on the testimony taken on the trial, or, if further testimony be required, then upon the ev-idence already in and such other as may be adduced, to find upon all the affirmative matter set up in the answers, and if such matter shall be found to be true, to enter a judgment for the defendants.