[Department One. — May 8, 1883.]

## ANDREW CASSIDY, RESPONDENT, *v.* MARY CASSIDY, APPELLANT.

DIVORCE — FINDINGS — PRACTICE. — In an action by the husband for a divorce on the grounds of habitual intemperance and extreme cruelty, the wife denied the allegations of the complaint, and set up as a separate defense extreme cruelty on the part of the husband. The court found in substance that the *material* allegations of the complaint were true, and rendered a judgment in favor of the husband. There was no finding upon the issue tendered by the wife as to the cruelty of the husband. *Held*, 1. That the finding was not sufficient to support the judgment. 2. That it was competent for the wife to plead the cruelty of the husband in defense of the action, and that the judgment could not be sustained in the absence of a finding on the subject.

PLEADINGS — COMPLAINT — DEMURRER. — Where a complaint contains two counts, one of which is good, a general demurrer to the whole complaint must be overruled.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are sufficiently stated in the head notes and opinion of the court.

*G. W. & W. B. Tyler*, for Appellant, cited *Ladd* v. *Tully*, 51 Cal. 277; §§ 462 and 467, Code Civ. Proc.; *Phipps* v. *Harlan*, 53 Cal. 87; *Billings* v. *Everett*, 52 Cal. 661; *Swift* v. *Canavan*, 52 Cal. 417.

*John Wade*, and *James McCabe*, for Respondent.

McKINSTRY, J. — The defendant (appellant) demurred generally to the whole complaint. Appellant now claims there are two counts in the complaint, and that one is insufficient. There is but one count; but if there had been two, one being good, the general demurrer would have been properly overruled.

One of the findings of the court below was "all the *material* allegations of facts set forth in plaintiff's complaint are sustained and proven by the evidence." Such a finding does not uphold a judgment. We have no means of determining what the court below may deem "material" facts or averments. (*Ladd* v. *Tully*, 51 Cal. 277.) The finding with respect to "extreme cruelty" on the part of defendant is somewhat uncer-

tain.    If it be admitted, however, that such finding is sufficient, the record contains no pretense of a finding with reference to the counter-charges of the answer.    It is well settled in this State that the findings must respond to all the material issues made by the pleadings.    (*Swift* v. *Canavan,* 52 Cal. 417; *Billings* v. *Everett,* 52 Cal. 661; *Phipps* v. *Harlan,* 53 Cal. 87.) Defendant in an action for divorce may allege and prove facts constituting a cause of divorce against the plaintiff in bar of the plaintiff's cause of divorce.    (Civil Code, § 122.)    The averment of the facts constituting such recriminatory defense, and the denial thereof by plaintiff (which the law implies), creates a material issue, upon which the court should find.

Judgment and order reversed and cause remanded for a new trial.

McKee, J., and Sharpstein, J., concurred.