[No. 9758. Department One. — December 7, 1886.]

## E. WARREN, RESPONDENT, *v.* CAROLINE C. ROBINSON ET AL., APPELLANTS.

FINDINGS — INSUFFICIENCY OF — ACTION FOR MATERIALS FURNISHED AND LABOR PERFORMED. — The action was brought for the reasonable value of materials furnished and labor performed at the alleged special instance of the defendants, who were husband and wife, in and about a certain house alleged to be the separate property of the wife. The answer denied all the allegations of the complaint. The court found "that all the material allegations in the complaint are fully sustained and proved," and that the "labor performed and materials furnished, as alleged in the complaint, were and are for the benefit, profit, convenience, and use of defendants, and to said house and premises, and that the charges for said labor performed and materials furnished were and are reasonable and proper." *Held*, that the findings were insufficient.

APPEAL from a judgment of the Superior Court of San Mateo County.

The action was brought to recover the reasonable value of materials alleged to have been furnished, and services alleged to have been rendered, at the special instance and request of the defendants, who were husband and wife, in and about certain premises alleged to be the separate property of the wife. The answer denied, generally and specifically, every allegation of the complaint. Judgment was rendered in favor of the plaintiff. The further facts are stated in the opinion of the court.

*Nygh, Fairweather & Durst,* for Appellants.

The general finding that all the material allegations of the complaint are fully sustained and proved is insufficient. (*Cassidy* v. *Cassidy,* 63 Cal. 352; *Ladd* v. *Tully,* 51 Cal. 277; *Breeze* v. *Doyle,* 19 Cal. 105; *Harlan* v. *Ely,* 55 Cal. 340.)

*George H. Buck,* and *George E. Filkins,* for Respondent.

McKINSTRY, J.— The complaint alleges the defendants to be husband and wife, and that the services rendered and materials furnished (the value of which is sued for) were rendered at the special instance and request of defendants, upon and furnished for a building, the separate property of the wife; that the defendants promised to pay for such services and materials.

The court found "that all the *material* allegations in the plaintiff's complaint are fully sustained and proved." This is insufficient. (*Cassidy* v. *Cassidy,* 63 Cal. 352; *Ladd* v. *Tully,* 51 Cal. 277.) The finding continues: "And that said labor performed and materials furnished, as alleged in said complaint, were and are for the benefit, profit, convenience, and use of defendants, and to said house and premises, and that the charges for said labor performed and material furnished were and are reasonable and proper."

There is no distinct finding that any labor was performed or that any materials were furnished. There is

no finding that the services, etc., were rendered at the instance or request of the defendants, or either of them, or that husband or wife promised to pay therefor, or that the defendants were husband and wife, or that the services, etc., were rendered in or about the separate property of the wife, or that the house mentioned in the complaint was her separate property. Nor is there any distinct finding of the value or reasonable worth of the services rendered or materials furnished.

Judgment reversed, and cause remanded for a new trial.

MYRICK, J., and THORNTON, J., concurred.