## HALVARD A. STRANDBERG *vs.* GEORGE ROSSMAN.

Argued Nov. 13, 1894.   Affirmed Dec. 28, 1894.

No. 9126.

**A contract held not to be uncertain or indefinite.**

*Held*, that a contract between the parties to this action, whereby defendant sold and agreed to convey a certain farm to plaintiff, and the latter agreed to purchase and did purchase said farm, for the sum of $2,000, to be paid out of the crops raised thereon, the market value of half of said crops to be paid on or before November 1st of each year, until the full amount of the purchase price was paid, with interest, is not indefinite or uncertain in its terms.

**Findings supported by evidence.**

*Held*, further, that certain findings of fact by the court below, in favor of plaintiff vendee, are supported by the evidence.

**Waiver of breach of contract.**

It was stipulated in the contract that the vendee should break up forty acres of the land in 1889, but only thirty six acres were actually broken. He was not to have possession of the farm until December 1, 1889, and

was not given possession by the vendor until the following spring. *Held*, even if there was not a substantial compliance with this part of the con- °tract, that the vendor waived a breach of the same, as to the breaking, by putting the vendee in possession of the farm after it had occurred.

**A finding of fact held not prejudicial to appellant.**

*Held*, that the vendor was not prejudiced by certain findings of fact as to the value of certain improvements put on the land by him while he was unlawfully in possession, and the amount of damages sustained by the vendee for the withholding, the value of one being offset as against the amount of the other.

Appeal by defendant, George Rossman, from a judgment of the District Court of Marshall County, *Frank Ives*, J., entered January 20, 1894, that the contract between him and plaintiff, Halvard A. Strandberg, be specifically performed by him.

*H. Steenerson* and *A. Grindeland*, for appellant.

*A. C. Wilkinson*, for respondent.

COLLINS, J. Defendant, being the owner of the farm, one hundred and sixty acres, entered into a written contract with plaintiff, May 10, 1889, for a sale thereof to the latter for the sum of $2,000, which sum was to be paid out of crops raised thereon, as follows: The market value of half the crop raised, or what said half actually sold for, was to be paid each year by the vendee, on or before November 1st, until the agreed price was paid, with interest at ten per cent. The latter was also to pay all taxes or assessments duly levied or assessed on the property thereafter, and was also to break up forty acres of the land on or before July 1, 1889. The vendee was not to have possession of the premises until December, 1889, and did not actually take possession until the spring of 1890, when they were turned over to him by the vendor, who furnished to him (but not under the before-mentioned contract) teams, seed grain, and other necessary articles for carrying on the farm. In the fall of that year the vendor received from vendee all of the crops which had that year been raised on the land, except a few bushels of barley and of wheat,—the exception being of no consequence here. November 7th of that year, the vendor (defendant) served notice upon vendee (plaintiff) of cancellation of the contract of sale, giving as a reason that there had been a breach of the conditions to be kept and performed by the latter. November 17th, plaintiff, claiming that he had to do

so in order to earn a living for himself and family, left the farm, and on the same day the dwelling house thereon was wholly destroyed by fire. On November 25th the vendor took possession of the place, and erected a new house. In April, 1891, the vendee went to the farm for the express purpose of taking possession and putting in a crop. He found the vendor in actual occupancy, and was by him compelled to leave the premises. The demands of the plaintiff that he be restored to possession have been refused, and he brought this action in May, 1892; asking in his complaint that the contract be specifically performed, and that he be restored to possession, with damages for the withholding. It may be remarked, in passing, that, at the time of the execution and delivery of the contract of sale, defendant executed a deed of conveyance of the premises to the plaintiff, which deed was deposited with a third party for delivery when plaintiff complied with his part of the agreement.

Most of the facts narrated above were found by the trial court, and none of them seem to be in dispute. In addition, the court found that the plaintiff had practically complied with the agreement to break up forty acres of the land in 1889. It also found that no taxes became due and payable by him between the day the contract was made and the day that the defendant retook possession. It also found as a fact that, when defendant received from plaintiff all of the crops raised on the place that year, one-half of the same were to be applied as payment on the land, in accordance with the terms of the contract, and the other half were to be applied in part payment of the claim then held by the former on account of the teams, seed grain, and other articles theretofore furnished for plaintiff's use on the farm. This finding is assailed by appellant (defendant) as not justified by the evidence, his contention being that, from the evidence, it conclusively appears that the whole crop was turned over to and received by him to be applied on the account, and that no part of it was on the land contract. The assignment of error attacking this finding is the one to be first disposed of.

At the trial there was positive evidence that, when the crop was turned over to appellant by the respondent, the latter directed that it should all be applied on the open account then held against him, and there were circumstances shown which strongly corroborated this evidence. But the respondent testified with like positiveness

that at that time he told appellant that he did not want to give up his farm contract, and that the proceeds of half of the crop were to be applied in accordance with its terms. The court determined in respondent's favor on this square issue of fact, and we cannot disturb its finding, for it was at least justified by the evidence. Coming to this conclusion, it follows that, with respect to payment, the respondent was not in default on November 1, 1890.

Our next inquiry is as to his agreement to pay all taxes which might be levied or assessed on the land after the execution and delivery of the contract, May 10, 1889. The parties seem to have agreed that under the contract the taxes for 1889 were to be paid by the vendee. They were actually paid by the vendor prior to the accounting had on October 14, 1890, at which time all of the crops raised that year were turned over to the latter. At this time the amount so paid was charged up to the vendee as a part of the vendor's general account, and the value of one-half of the crop, applied in part satisfaction of this account, largely exceeded the sum due for taxes. Whether, by this transaction, the vendor became a general creditor as to these taxes, and thereby waived a right to declare a forfeiture of the contract because of their nonpayment, or whether, to the amount of the taxes, the money derived from a sale of half the crop should first be applied in satisfaction of the sum due, need not be decided. In either event a forfeiture cannot be based on the fact that these taxes were primarily paid by the vendor. The taxes for 1890 were to be paid by the vendor, but before they became due and payable, which was January 1, 1891, he had served notice on the respondent vendee that his contract was canceled, and he had also practically ousted the latter from possession. And before June 1, 1891, when the penalty attached for the nonpayment of taxes for the previous year, the appellant had, by force, prevented the respondent from acquiring possession and from putting in the crops.

With reference to the claim that the finding that respondent had substantially performed his agreement to break up forty acres of the land in the season of 1889 is not warranted by the evidence, because it stands admitted that thirty-six acres only were broken, we need say but little. If there was not a substantial compliance with the contract in this respect, the finding in question worked no injury to appellant. It is undisputed that respondent was to break

the forty acres in the summer of 1889, but was not to be let in possession of the farm until December of that year. He was actually put into such possession several months after the breaking season was at an end, and the default, if any, had occurred. If there was such default, the act of appellant in putting respondent into possession amounted to waiver of this particular term or condition of the contract.

There is nothing in the claim that specific performance of the contract cannot be had, because of its indefiniteness and uncertainty. The amount of the purchase price was definitely fixed, and the manner of payment. One-half of the crops raised each year were to be applied in payment; that is, the sum for which half the crop would sell, each year, was to be paid to the vendor on or before November 1st, so long as any part of the agreed price, with interest at ten per cent., remained unpaid. In case of a total failure of the crops at any time, nothing whatsoever was to be paid. Nothing was left for future negotiations between the parties, and the only thing in doubt was as to what sum might be realized each year by sale of half the crops.

The plaintiff not being in default on any of the terms or conditions of his contract, the defendant's possession, taken in the fall of 1891, was and remained unlawful. The plaintiff is entitled to reenter and repossess the premises, that he may have an opportunity to comply with the terms and conditions of his contract. If he does comply, he will be entitled to specific performance on defendant's part, but that is wholly for future determination, and that part of the judgment which provides that the contract be specifically performed is superfluous. It is a nullity, and hence is not injurious to the appellant.

By one of its findings of fact the trial court found that plaintiff had been damaged, by reason of the unlawful withholding, in the sum of $1,000, and by another it found that the value of certain improvements put on the farm by defendant while so unlawfully in possession was and is the sum of $1,000. From the conclusions of law it seems that the court offset the amount of plaintiff's damages for a withholding of the premises as against the value of the improvements made by defendant. The former has not complained of this, and is therefore bound by it. The latter contends that evidence

of the value of these improvements was introduced by him for the sole purpose of showing the injustice of requiring specific performance of the contract, in view of the changed conditions and circumstances, and for no other purpose. When introducing the evidence, defendant's counsel did not state his purpose; but, had they done so, we fail to see that it would have affected the result, except as against their own interests. The defendant commenced to make the improvements immediately after the house burned, and nearly all were made with full knowledge that plaintiff claimed the right of possession. At no time was the plaintiff guilty of laches, for he frequently asserted his claim. The defendant is in the position of one who, without authority, enters upon the land of another, and erects permanent structures, and otherwise improves it. He took the risk upon himself, and we fail to see how he can shift the responsibility upon the plaintiff. If he cannot recover the value of these improvements from the plaintiff by attaching said value to the farm, he is not injured by either finding of fact, or by the conclusion of law based thereon.

Judgment affirmed.

(Opinion published 61 N. W. 675.)