## SHARP v. FRANK.

No. 18,359; September 21, 1895.

### 41 Pac. 860.

**Trial—Findings—Indefiniteness.—Where, in an Action to Quiet Title,** involving the question whether a conveyance to plaintiff was with intent to delay or defraud creditors (declared in such case by Civil Code, section 3439, to be void), the jury returned answers to

interrogatories, which the court adopted, subject to its findings of fact, such findings to govern in case of conflict with the answers, and the jury found that plaintiff's husband conveyed the property to her to prevent defendant from satisfying his claim against him, that plaintiff knew her husband was insolvent, and that he made the deed to plaintiff with intent to hinder and delay, but not to defraud, defendant; and the court found that the deed to plaintiff was not executed "with a view to conceal his property from defendant or his other creditors, nor improperly to hinder or delay them"—the findings will be held too indefinite to support a judgment for plaintiff.

APPEAL from Superior Court, Fresno County; W. M. Conley, Judge.

Action by Francis W. Sharp against F. A. Frank. Judgment for plaintiff. Defendant appeals. Reversed.

Sayle & Coldwell for appellant; F. H. Short and W. H. Larew for respondent.

SEARLS, C.—This is an action to quiet the title of plaintiff to an undivided third interest in and to lots 8, 9, and 10, in block 40, situate in the town of Madera, county of Madera, state of California. The cause was tried before a jury, and written answers returned to certain special issues and interrogatories propounded to them, which the court approved and adopted, and, in addition thereto, made and filed certain other findings of fact and its conclusions of law thereupon, upon which a decree was entered quieting the title of plaintiff, and decreeing the defendant to have no right, title, estate, or interest in or to the said lots of land and premises, or in or to any part thereof. Defendant appeals from the judgment, and from an order denying his motion for a new trial.

The plaintiff, a married woman, claims title by deed executed to her by her husband, L. O. Sharp, on the eighteenth day of October, 1892. Defendant claims title as a judgment creditor of the said L. O. Sharp, and under an execution, levy, sale, certificate of sale and sheriff's deed of said property, and asserts that the deed executed by L. O. Sharp to his wife, the plaintiff here, was and is void as to him, because the same was made with intent to hinder, delay, and defraud him of his claim as a creditor against L. O. Sharp. Some forty interrogatories were propounded to the jury, to which answers were returned. The court, having considered the

special verdict as rendered by the jury, entered an order that it ''does hereby adopt the same, and approve the same, and the same are hereby made the findings of the court, subject only to the findings of fact and conclusions of law hereinafter set forth and specified; and wherein, if in any particular, said answers of said jury vary or differ from findings of the court, the findings of the court shall govern, and said answers are hereby modified to that extent, and to that extent only.'' The court then proceeded to make additional findings, some of which are in accord with those already found by the jury, others of which conflict to an uncertain extent with those of the jury, and still others are antagonistic to those of the jury. The result of all this constitutes a jumbled mass of uncertainties from which no intelligent legal conclusions can be drawn.     To illustrate: The jury found, in substance, that L. O. Sharp conveyed the property to the plaintiff for the purpose of preventing the defendant from satisfying his claim against him; that plaintiff knew her husband was insolvent and unable to pay his debts; that the deed from L. O. Sharp to the plaintiff was made with intent to hinder and delay, but not to defraud, defendant.     Upon this question the court found that the deed to plaintiff was not executed by L. O. Sharp ''with a view to conceal his property from defendant or his other creditors, nor improperly to hinder or delay them.''     Every transfer of property ''with intent to delay or defraud any creditor or other person of his demands is void against all creditors,'' etc.: Civ. Code, sec. 3439.     What the court below meant by the term ''improperly to hinder or delay'' is not clear.     The findings, taken together, are as indefinite as those held insufficient in Warren v. Robinson, 71 Cal. 380, 12 Pac. 265, Ladd v. Tully, 51 Cal. 277, and Hardenberg v. Hardenberg, 54 Cal. 591.     We have no means of determining what the court deemed an improper hindrance or delay of creditors, and hence cannot say how far it tended to modify the finding of the jury that the deed was executed to hinder and delay such creditors.     The proper course would have been to set aside and annul such of the findings of the jury as failed to meet the approbation of the court, and then to find upon the issues thus left at large.     The judgment and

order appealed from should be reversed, and a new trial ordered.

We concur: Britt, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are reversed and a new trial ordered.