C. W. ABRAHAMSON v. L. LAMBERSON and Another.[1]

June 8, 1897.

Nos. 10,569—(158).

### Judgment—Sufficiency of Findings by Court.

In an action tried by the court without a jury, a finding of fact that all the material allegations contained in the complaint are true is insufficient to support a judgment for plaintiff.

### Vendor and Purchaser—Wrongful Possession by Vendor—Damages—Res Judicata.

As a general rule, where the vendor of land on an executory contract wrongfully keeps the vendee out of possession, the latter is entitled to recover damages for the withholding of the premises from him, or for use and occupation for the time he is so kept out of possession; and, if he does recover any such damages, the vendor is entitled to recover interest on the unpaid purchase money for the same time. Where, in a former action, the court awarded such damages, but set off the same against the vendor's claim for improvements made while so wrongfully in possession, held, although the vendor had no right to claim for such improvements, the vendee's claim for such damages is res adjudicata, and he cannot now recoup the same against the vendor's claim for such interest. Where, in an action for the recovery of possession of land, damages are awarded for the withholding of the same, such damages should be assessed up to the time of trial, and such damages up to such time are res adjudicata and merged in the judgment in the former action. Held, the evidence did not warrant the judgment ordered.

### Same—Findings.

While the vendor was so wrongfully in possession, he committed waste by removing from the premises certain buildings, and made improvements by erecting other and somewhat different buildings. The court in the former action found that he had made improvements of the value of about $1,000, without finding what the character of the improvements was, and set off his claim for improvements as aforesaid. Held, this amounts to a finding that the value of the improvements exceeds the damages for waste by about $1,000, and the vendee's claim for such waste is res adjudicata.

Appeal by defendants from a judgment of the district court for Marshall county, entered in conformity to findings by Ives, J. Reversed.

1 Reported in 71 N. W. 676.

*H. Steenerson* and *A. Grindeland,* for appellants.
*A. C. Wilkinson,* for respondent.

CANTY, J. This action may be regarded as a second instalment of Strandberg v. Rossman, 59 Minn. 509, 61 N. W. 675. After the commencement of that action, the defendant therein transferred his rights to these defendants, and after the termination of that action the plaintiff transferred his rights to this plaintiff. As will be seen by the opinion above referred to, the vendor of land on an executory contract took the possession away from the vendee without his consent, and when he was not in default. About two years thereafter, the vendee commenced the former action to recover possession, and it was more than two years thereafter before he obtained possession under the judgment in his favor in that action, so that the vendor wrongfully held possession for more than four years, and raised four crops on the land. The complaint in this action sets out the executory contract, alleges the transfers above mentioned, and that plaintiff and his assignor, Strandberg, have fully performed all the conditions of said contract to be by them performed, and have duly and fully paid the purchase price of said land, both principal and interest, and prays judgment that defendants be required to execute and deliver to plaintiff a deed of the premises. On the trial before the court without a jury, the court found for plaintiff, and from the judgment entered accordingly defendants appealed.

1. The only finding of fact made by the court below is as follows: "I find, as a matter of fact, that all the material allegations contained in the complaint" "are true." Appellants contend that this finding is not sufficient to support a judgment for plaintiff. In our opinion, the point is well taken. This court has several times held that when the facts alleged in a pleading will, if found by the court, support the judgment ordered, and dispose of all the issues in the case, a finding by the court that all the allegations of the pleading are true is sufficient. School v. Wrabeck, 31 Minn. 77, 16 N. W. 493; Combination v. St. Paul, 52 Minn. 203, 53 N. W. 1144; Bahnsen v. Gilbert, 55 Minn. 334, 56 N. W. 1117. But the vice in the findings here in question is that the court merely finds the material allegations of the complaint to be true, and it is impossible to tell what allegations the judge regarded as material and what allegations he did not. The object of

the statute in requiring findings is to make it more easy to determine just what the court decided, and whether or not it erred in its decision. A denial in one pleading of each and every material allegation in the prior pleading is insufficient. Montour v. Purdy, 11 Minn. 278 (384); Dodge v. Chandler, 13 Minn. 105 (114). A finding that all the material allegations stated in a pleading are true is also insufficient. Breeze v. Doyle, 19 Cal. 102; Ladd v. Tully, 51 Cal. 277; Hardenbergh v. Hardenbergh, 54 Cal. 591.

2. But we are also of the opinion that the evidence will not support the judgment ordered. The uncontradicted evidence shows that plaintiff and his predecessor, Strandberg, have paid substantially all of the purchase price of the land and all of the interest thereon, except that, on the part of the principal remaining unpaid for the four years during which the vendor, Rossman, wrongfully had possession as aforesaid, the interest has not been paid for these four years. Respondent contends that, as Rossman was wrongfully in possession, Strandberg was not obliged to pay interest for these four years. As a general rule, the vendee thus wrongfully kept out of possession by the vendor is entitled to recover damages for withholding the property from him, or damages for use and occupation, and, if he does recover any such damages, the vendor is entitled to recover or recoup the interest on the unpaid purchase money for the same period of time. Bostwick v. Beach, 103 N. Y. 414, 9 N. E. 41; Covell v. Cole, 16 Mich. 223. The case of Lake v. Stees, 54 Minn. 471, 56 N. W. 59, was decided on its own peculiar facts and circumstances, and is not in conflict with this rule. But the vendee cannot have the fruits of the possession, and at the same time avoid the payment of interest. He cannot recover those fruits from the vendor, and not allow the latter his interest. We are of the opinion that, by the judgment in the former action, it is res adjudicata between these parties that Strandberg did recover damages from Rossman for withholding the property from the time Rossman wrongfully took possession until the time of the trial of the former action. Said judgment and all the proceedings in the former action were received in evidence in this action. The plaintiff in that action demanded judgment in the sum of $1,000 for the withholding of the property from him. The court, on the trial of that action, made the following findings of fact:

"That the loss of this use of the land by plaintiff amounts to about one thousand dollars; that the value of the improvements put upon the land by the defendant since he came into possession thereof in November, 1890, amounts to about one thousand dollars."

As conclusions of law the court found

"That the damages sustained by the plaintiff, by reason of his dispossession of said premises and their retention from him by the defendant, are equal to the amount of the improvements placed thereon by the defendant during his wrongful possession of said premises, from the 17th day of November, 1891, up to the present time, and that one is justly and equitably an offset to the other."

Thereupon the court ordered judgment for plaintiff for the recovery of possession, and for his costs and disbursements. The judgment recites the above findings and conclusion of law, and is entered pursuant to such order. In the opinion of this court in the former action it is said:[2]

"By one of its findings of fact the trial court found that plaintiff had been damaged by reason of the unlawful withholding in the sum of $1,000, and by another it found that the value of certain improvements put on the farm by defendant while so unlawfully in possession was and is the sum of $1,000. From the conclusions of law it seems that the court offset the amount of plaintiff's damages for a withholding of the premises against the value of the improvements made by defendant. The former has not complained of this, and is therefore bound by it."

True, we also held in that case that Rossman was a mere trespasser, and was not entitled to recover for said improvements. But that is now immaterial. The court in that case allowed him for those improvements by setting off the value of the same against the amount awarded the plaintiff therein for damages as aforesaid. Strandberg did not appeal, and the matters thus disposed of are res adjudicata.

It is recited in the findings and order for judgment in that action that it came on for trial on August 2, 1893. Where, in an action for the recovery of possession of real property, damages are awarded for withholding the same, such damages should be assessed up to the day of trial, Sedg. & W. Tr. Title Land, § 664; and we must presume that the court did its duty, and assessed the damages in that action up

[2] 59 Minn. at page 513.

to the day of trial. But, whether it did or not, the claim for damages up to that time is res adjudicata, and merged in the judgment in the former action. The parties to that action are privies of the parties to this action, and so far, at least, as the claim for damages prior to August 2, 1893, is concerned, the cause of action is the same. Then, in disposing of this action, it must be held that this plaintiff's predecessor in interest has already received full damages for such withholding of the property from him up to that time. Then plaintiff has no legal excuse for not paying the interest which accrued from November 17, 1890, when Rossman wrongfully took possession, to August 2, 1893, when the former action was tried.

Plaintiff offered no proof of the reasonable value of the use and occupation, or of the mesne profits of the land, for the rest of the time that Rossman wrongfully withheld it, the time subsequent to the trial of said prior action, and offered no proof of any damages for withholding the land during this time. Plaintiff merely rested on the proposition that he was not obliged to pay interest on any unpaid balance of the purchase price for any time during which Rossman wrongfully withheld the land. Whether or not there are any peculiar equities in the case which warranted plaintiff in standing solely on this proposition, we will not decide, as the question has not been argued. But, in any event, he was not entitled to a deed from defendants until he had paid an additional amount of interest. Therefore, the evidence did not warrant the judgment ordered.

3. Respondent also contends that he should be allowed in this action for waste which he claims was committed by Rossman while so wrongfully in possession, in removing from the premises three small buildings erected thereon, of the aggregate value of $200. Just when the buildings were removed does not appear, but it would seem that they were not all removed at one time. Whether or not the damages which accrued to Strandberg by reason of any such waste passed to this plaintiff by the transfer to him of Strandberg's rights in the land, we will not consider, as the question has not been argued; but, in any event, it does not appear what waste was committed since the commencement or trial of the former action, or what amount Strandberg was damaged thereby. As before stated, the court found, in the former action, that the value of the improvements put on the land by Rossman was about $1,000. Whether this finding relates to the

commencement or time of trial of that action we will not decide, as that question has not been argued; but, whether to the one or the other, it is a finding that up to such time Rossman had made improvements greater in value than the damage caused by the waste he had committed, and plaintiff is estopped by this finding from claiming damages for waste committed prior to such time. This disposes of the case.

The judgment appealed from is reversed, and a new trial granted.