C. W. ABRAHAMSON v. L. LAMBERSON and Another.

May 19, 1898.

Nos. 11,157—(155).

**Contract for Sale of Land—Assignment by Vendee—Assignee's Right to Damages for Vendor's Torts.**

An assignment by the vendee of an executory contract for the sale of real estate *held* to assign all his interest, including the damages which had accrued to him by reason of the torts of the vendor in wrongfully taking possession and committing waste by removing the buildings.

**Same—Action for Specific Performance by Vendee's Assignee against Vendor's Grantee—Recoupment of Damages.**

*Held*, in an action for specific performance, commenced by such assignee against the assignee and grantee of the vendor, such damages may be recouped against the amount due as principal or interest of the purchase price.

**Same— Vendor's Torts after Assignment — Recoupment as against His Assignee.**

*Held*, further, damages for the torts committed by the vendor after the assignment by him cannot be so recouped as against his assignee.

**Same— Vendor's Assignment while Withholding Possession — Recoupment of Damages.**

But when the assignment was made while the vendor was wrongfully withholding possession, the damages for the continuance of such wrongful possession may be so recouped.

**Same—Possession by Vendor after Assignment—Rights of Assignee —Burden of Proof.**

Where the vendor assigned his interest in the executory contract of sale, and continued thereafter in possession, *held* the burden is on his assignee to show in this action what rights under such contract were so assigned to him.

Appeal by defendants from an order of the district court for

Marshall county, Ives, J., overruling a demurrer to the amended complaint. Affirmed.

*H. Steenerson* and *A. Grindeland*, for appellants.

*A. C. Wilkinson*, for respondent.

CANTY, J.

This is the third time that the controversy between these parties has come before this court. See Strandberg v. Rossman, 59 Minn. 509, 61 N. W. 675, and Abrahamson v. Lamberson, 68 Minn. 454, 71 N. W. 676. The latter decision was made in a former appeal in this case. After the case was remanded to the court below, plaintiff amended his complaint, and this is an appeal from an order overruling a demurrer to the amended complaint. The grounds of the demurrer are that the complaint does not state a cause of action, and that several causes of action are improperly united.

From the former opinions it will be seen that the vendor of land under an executory contract wrongfully deprived the vendee of the possession of the land, and under the judgment in the former action the vendee was restored to possession on March 1, 1895. On May 10, 1893, during the pendency of the former action, Rossman, the vendor, assigned his interest in the executory contract to Lamberson, one of the defendants herein, and thereafter, on April 25, 1895, conveyed the premises to Winchester, the other defendant. After the vendee, Strandberg, had recovered possession as aforesaid, to-wit, on July 17, 1895, he assigned his interest in the executory contract to this plaintiff, and delivered possession to him. Thereupon plaintiff brought this action to compel specific performance of the contract by the defendants by the execution and delivery of a deed.

It was held on the former appeal herein that by reason of the effect of the judgment in the former action the plaintiff herein must pay interest from November 17, 1890, the time the vendor wrongfully took possession, until August 2, 1893, the time of the trial of the former action; that by reason of the judgment it was res adjudicata that the wrongful eviction did not suspend the payment of interest for this time. Plaintiff in the amended complaint concedes his liability to pay this interest, amounting to $479.89,

and alleges that he has paid all the interest and principal called for by the contract, except interest for the time from November 17, 1890, the time of the wrongful eviction, to March 1, 1895, the time possession was restored, on the part of the purchase price remaining unpaid during that time. The judgment in the former action does not cover the part of this time subsequent to August 2, 1893, and as to this part of such time plaintiff claims that the withholding of possession suspended the liability to pay interest.

Plaintiff also claims the right to recoup and offset certain damages against all of the interest remaining unpaid. He concedes that, as we held in the opinion on the former appeal herein, the claim for damages for withholding the possession up to August 2, 1893, is res adjudicata, and so is the claim for waste committed prior to that time. But he alleges that the profits made out of the possession by the vendor and the defendant Lamberson were more than $1,000, and it is further alleged that between December 28, 1894, and March 1, 1895, the vendor, Rossman, removed from the premises three buildings, part of the realty, of the value of $300.

1. Appellants contend that plaintiff has no right to recoup these claims against the claim for the purchase price and interest, for several reasons. It is contended that the assignment by the vendee to plaintiff after these damages accrued did not assign the damages. Whether a bare assignment of the executory contract would assign the damages, we need not consider. It is alleged that said

"Strandberg duly assigned, sold, and transferred the contract hereinbefore mentioned and set forth, together with all his interest therein in and to the lands therein described, together with all the rights, privileges, powers, and liabilities under said contract," to this plaintiff.

In any event this is sufficiently broad to assign the damages.

2. It is further contended that, even though these damages passed to plaintiff, Rossman, the vendor, alone is liable for them; that these defendants are not liable for them, and that they cannot be recouped as against these defendants.

Clearly, Winchester is not personally liable for any of these damages. If the allegations of the complaint are true, Lamberson is personally liable for such profits as he received, or such as he and

Rossman received jointly, if they were jointly in possession. But Lamberson is not personally liable for the torts committed by Rossman alone. It is alleged that Rossman moved away the buildings after he had assigned the contract to Lamberson. Then the damages caused by the wrongful acts of Rossman in removing the buildings cannot be recouped against the interest so assigned, unless Lamberson consented to, or in some way participated in, such wrongful removal.

But these damages may be recouped against what interest yet remained in Rossman. He continued in possession after he assigned the contract, and for this reason it cannot, as against plaintiff, be presumed that the assignment was an absolute one, which transferred to Lamberson all of the purchase money due on the contract and all of the beneficial interest of Rossman in the property, leaving in him only the naked legal title. It may be that the assignment was only intended as a mortgage, or that it was made fraudulently for the purpose of preventing plaintiff's assignor from recouping such damages as might thereafter accrue to him. The fact that Rossman continued in possession after the assignment is a suspicious circumstance, which throws on Lamberson the burden of showing just what was intended to be transferred to him by the assignment, and that the same was made in good faith.

But the damages for withholding possession may be recouped against Lamberson in any event, and for two reasons: First, he stepped in during the continuance of the tort; and, second, he actually participated in the tort by becoming a joint trespasser. All the damages may be recouped against the interest of Winchester. This right of recoupment is an equitable one, which plaintiff and his assignee had as against Rossman, and plaintiff cannot be deprived of such right by the subsequent transfer of Rossman's interest to some one else. Then the complaint states a cause of action, and there is no misjoinder of causes of action.

Order affirmed.