C. W. ABRAHAMSON v. L. LAMBERSON and Another.

February 8, 1900.

Nos. 11,792—(60).

**Specific Performance—Assignment of Contract of Sale and of Damages—Accounting.**

In an action by an assignee of a contract for the conveyance of land to compel its specific performance, it appeared that the vendee, the plaintiff's assignor, had been wrongfully deprived of the possession of the land for a specified time by the vendor. The assignment not only assigned the contract, but also all the vendee's interest therein and in and to the land therein described, with all the rights, privileges, powers, and liabilities under the contract. *Held*:

1. That the vendee's right to offset his damages for the wrongful act of the vendor against the amount due on the contract passed by the assignment.

2. That in such an action, where it appears that the vendee has been wrongfully excluded from the possession of the premises by the vendor, the latter will, as a general rule, be regarded as a trustee of the land for the benefit of the former, and must account to him for the rents and profits which he received or might have realized by due diligence. But, if there are no rents and profits, or they are less than the actual value of the use of the land, the vendor may be charged with the value of such use during the time the vendee is kept out of possession.

3. Rule applied, and *held*, that the trial court erred in assessing the damages in this case.

Action in the district court for Marshall county to enforce specific performance of a contract. The case was tried before Ives, J., who found in favor of plaintiff. From a judgment entered pursuant to the findings, defendants appealed. Reversed.

*H. Steenerson* and *A. Grindeland*, for appellants.

*A. C. Wilkinson*, for respondent.

START, C. J.

This action was brought to compel specific performance of a contract to convey the farm described in the complaint, and this is the fourth time this court has been called upon to consider the subject-matter of this action.

On May 10, 1889, George Rossman, the then owner of the land, entered into a contract with Halvard A. Strandberg, whereby he agreed to sell and convey the land to the latter for $2,000 and interest thereon at the rate of ten per cent. per annum, payable in annual instalments equal to the value of one-half of the annual crops raised on the land. The vendee, Strandberg, went into possession of the land by virtue of the terms of the contract, but in November, 1890, the vendor, Rossman, wrongfully excluded the vendee from the possession of the land. Thereupon the vendee, in May, 1892, brought an action against the vendor to recover possession of the land, with damages for withholding possession thereof. Such proceedings were had in that action that the vendee recovered possession of the land and his damages, $1,000, up to the day of trial, August 2, 1893, which were set off against permanent improvements made on the land by the vendor. An appeal was taken by the vendor from the judgment, which was affirmed in this court. Strandberg v. Rossman, 59 Minn. 509, 61 N. W. 675.

The vendee, however, did not in fact regain possession of the land until March 1, 1895, and thereafter, and on July 17, 1895, he assigned his contract to the plaintiff in this action. The interest of the vendor in the contract and land was transferred to the defendants in April, 1895. In February, 1896, the plaintiff commenced this action to enforce specifically the contract for the conveyance of the land. The plaintiff had judgment as prayed for, which was reversed on appeal, this court holding that all claims for damages by the vendee or his assignee, the plaintiff, on account of the vendee being kept out of possession of the land prior to August 2, 1893, were fully satisfied by the judgment in the action of Strandberg v. Rossman. Abrahamson v. Lamberson, 68 Minn. 454, 71 N. W. 676. After the case was remanded, the plaintiff amended his complaint, and the defendants appealed from an order overruling their demurrer to the amended complaint, and the

order was affirmed. 72 Minn. 308, 75 N. W. 226. The action was then tried by the district court, and findings of fact and conclusions of law made to the effect that the defendants had been overpaid on the contract $331.87, for which amount the plaintiff was entitled to judgment, and that the defendants convey the land to the plaintiff. Judgment was ordered accordingly, and it was so entered, but it was not entered for the $331.87 overpayment. The record shows no modification of the order for judgment, or why a recovery of the overpayment was omitted therefrom. The defendants appealed from the judgment.

The trial court found as a fact that the value of the use of the land for farming purposes and for the occupancy thereof for the year 1893, subsequent to August 2, for the year 1894, and to March 1, 1895, was $1,162.50, and this sum, with the cash payments made on the contract, exceeded the amount due on the contract by $331.-87. The amount of $1,162.50 so offset against the amount due on the contract is the damages which Strandberg sustained by being kept out of the possession of the land from August 2, 1893, the date to which his damages were satisfied in the first action, to March 1, 1895, the time when he regained possession of the land.

There are 63 assignments of error, but there are only two general questions for our consideration: First. Did the right to set off the damages which Strandberg sustained pass by his assignment of his contract to the plaintiff? Second. Did the trial court assess such damages on the proper basis, and for a correct amount?

The defendants insist that the assignment of the contract by Strandberg to the plaintiff did not assign the right of the former to the damages he sustained by being kept out of possession of the land from August 2, 1893, to March 1, 1895. It may be conceded that a naked assignment of the contract would not assign such damages, but an assignment of the contract, together with all the vendee's interest therein and in and to the land therein described, with all the rights, privileges, powers, and liabilities under the contract, would be broad enough to assign the damages. This was expressly decided by this court on the former appeal in this case.

Abrahamson v. Lamberson, 72 Minn. 308, 75 N. W. 226. The assignment in question contains this language:

"Which, together with all and singular the premises therein mentioned and described, together with the deed therein mentioned, and all the rights, privileges, powers, and liabilities in said contract and deed therein referred to, are hereby, by these presents, sold and transferred by us to the said party of the second part," [the plaintiff].

It also, by its express terms, authorizes the plaintiff

"To pursue any and all remedies against the parties mentioned and set forth in said contract to complete the title to the premises therein described in himself, the same as I might or could do were this assignment not made."

The provisions of the assignment which we have quoted are sufficient to assign to the plaintiff the damages and the right to offset them against any amount due on the contract. The damages which the vendee in this case was entitled to offset against the purchase price of the land and interest thereon by reason of his being kept out of the possession of the land by the wrongful act of the vendor are to be ascertained upon an equitable basis. In an action to compel the specific performance of a contract for the conveyance of land, where it appears that the vendee has been kept out of possession by the wrongful act of the vendor, the general rule is that the latter will be regarded as a trustee of the land for the benefit of the former, and must account to him for the rents and profits which he received or might have realized by due diligence. The rule is not inflexible in its application, for, if there are no rents and profits, or if they are less than the value of the use of the land, the vendor, in the discretion of the court, may be charged with the value of such use during the time the vendee is so kept out of possession. In special cases, where equity requires it, the court will not allow the vendor any interest on the purchase price during the time he retains possession of the land, nor charge him with the interim rents and profits. Equity will in each case place the parties, so far as possible, in the same situation as they would have been if the contract had been performed according to its

terms. Fry, Spec. Perf. §§ 1375–1377; Worrall v. Munn, 38 N. Y. 137, 139.

In the case at bar the plaintiff is entitled to offset against the purchase price, and interest thereon, of the land, the rents and profits received by the defendants' grantor from the land, or which he might have realized by due diligence, from August 2, 1893, to March 1, 1895, or, at plaintiff's election, the value of the use of the land during such time. He is not entitled to both. Abrahamson v. Lamberson, 68 Minn. 454, 71 N. W. 676. In ascertaining the amount of such rents and profits, the necessary expenses of raising, securing, and marketing the crops, and the amount paid, if anything, for taxes and necessary repairs, must be deducted; but nothing can be allowed for the personal services of the vendor in superintending the management of the farm, as he was a trustee in his own wrong.

It is not entirely clear from the record what basis the trial court adopted in assessing the plaintiff's damages, but it is manifest that an error was committed in ascertaining the amount thereof, for which a new trial must be granted. The trial court admitted evidence, over the objections of the defendants, to show the value of the crops of wheat and oats raised on the land during the year 1893, and the value of such crops was taken into account by the court in ascertaining the amount of the rents and profits to be charged to the defendants. This was grossly inequitable. The plaintiff's assignor received full satisfaction for all of his damages for being kept out of possession from the time he was dispossessed to August 2, 1893. This necessarily included all the loss he sustained by being deprived of the use of the land to raise a crop during the cropping season of 1893. The court will take judicial notice that there can be no profits from land in this state arising from a crop of wheat or oats grown between the months of August and March, for the simple reason that such a crop is an impossibility. The crop in question was practically ready to be harvested on August 2, 1893, and, full satisfaction having already been made to the vendee for the use of the land during the time the crop was growing, the defendants cannot be charged with the value of such crop.

It follows that in ascertaining the amount of the rents and profits to be charged to the defendants the value of the crops of 1893 must be excluded. Judgment reversed, and a new trial granted.