E. M. MITCHELL, Appellee, v. ALEXANDER MUTCH, Administrator, Appellant.

VENDOR AND PURCHASER:  Wrongful Withholding of Possession
1   —Damages.  A vendee who, in compliance with his contract, tenders his purchase-money note to the vendor, and for a series of years is wrongfully excluded from the premises, and in the meantime keeps his tender good, has the right, on obtaining possession, to elect to have a cancellation of the accrued interest on his note as damages, in lieu of accepting the rents and profits as damages.

**VENDOR AND PURCHASER:** Wrongful Withholding of Interest on Deposit. A purchaser who has been wrongfully kept out of possession by the vendor has the right, on obtaining possession, to recover of vendor legal interest on a cash tender kept good during the period of detention.

**VENDOR AND PURCHASER:** Wrongful Withholding—Election to Accept Rent as Damages. A purchaser who has been wrongfully kept out of possession by the vendor will not be held to have elected to accept as damages the rents and profits for the period of such detention, because of the fact that, prior to any default by vendor, the purchase terminated the tenancy of the tenant then in possession of the premises.

**VENDOR AND PURCHASER:** Obligation to Pay Taxes. A vendor who has covenanted to convey good title, and thereafter, for a series of years, wrongfully withholds from the grantee both deed and possession, rests under a legal obligation to pay taxes on the premises accruing during the period of detention.

*Appeal from Tama District Court.*—JAMES W. WILLETT, Judge.

OCTOBER 26, 1920.

SUPPLEMENTAL proceedings after decree of specific performance, seeking to adjudicate plaintiff's damages for defendant's wrongful delay of performance. There was a decree for plaintiff, and the defendant appeals.—*Affirmed.*

*E. H. Lundy, Peisen & Soper,* and *C. E. Walters,* for appellant.

*Sherman W. DeWolf, Thomas & Thomas,* and *Nichols & Nichols,* for appellee.

EVANS, J.—I. The defendant is the administrator of James Mutch, deceased, who was the original defendant. For convenience of discussion, the decedent will be referred

to herein as the "defendant." In April, 1913, James Mutch entered into a written contract of sale of his half-section farm to the plaintiff, Mitchell, for a consideration of $57,600. The contract called for a down payment of $600, and for a further payment of $5,000 on March 1, 1914, and for a note of $52,000, secured by a purchase-money mortgage, and drawing 5 per cent interest, the same to be executed and delivered on such latter date. On the same date, Mutch was to execute and deliver to Mitchell a warranty deed, with full covenants, and to give him possession of the farm. Before the arrival of that date, Mutch had repented the sale, and later resisted performance of his contract. The vendee, Mitchell, made full tender of performance on his part, which was refused by the vendor, Mutch. Thereupon, vendee brought a suit for specific performance, which was prosecuted to a final decree. See *Mitchell v. Mutch,* 180 Iowa 1281. The case being remanded from this court, these supplemental proceedings were had in the district court. Pursuant to the decree of specific performance, the vendor was required to deliver a warranty deed to the vendee, and to surrender possession to him on March 1, 1918. During the four years of delay of performance, the note for $52,000 executed and tendered by the vendee purported, on its face, to draw interest from March 1, 1914. During the same time, the vendor had received all the rents and profits of the farm. Instead of claiming as his damage the accrued rents and profits during such period of delay, the vendee, plaintiff, elected to ask a remission of interest for such period of four years upon his $52,000 note, and to ask an allowance of interest for the same period upon the $5,600 which he paid or tendered to the vendor.

The first and most important question in the case is whether the vendee has a right to make such election, the contention of the vendor being that the vendee is limited in his measure of damages to a recovery of the rents and profits.

1. VENDOR AND PURCHASER: wrongful withholding of possession: damages.

We deem it clear that the vendee's right of election must be sustained. The vendor, having wrongfully delayed the performance of the contract, is not allowed to derive any advantage from his own fault. Since he has wrongfully withheld from the vendee the possession of the property, it would be clearly inequitable to permit him to collect interest upon the purchase-money note during the period of such wrongful delay, if the vendee elects to claim a remission of interest as his measure of damages. Only a few cases are to be found in the books where this direct question is involved, but these few are unanimous in sustaining the right of plaintiff's election. *Worrall v. Munn,* 38 N. Y. 137; *Worrall v. Munn,* 53 N. Y. 185; *Abrahamson v. Lamberson,* 79 Minn. 135 (81 N. W. 768); *Crockett v. Gray,* 39 Kan. 659; *Lynch v. Wright,* 94 Fed. 703.

The rule of these cited cases is concisely stated by Sutherland as follows:

"A purchaser who obtains a decree for specific performance may elect to pay interest on the purchase price for the time elapsed since the conveyance should have been made, and take the rents and profits received by the vendor, or allow the latter to retain these, and thereby relieve himself of liability for interest." 2 Sutherland on Damages (3d Ed.) Section 588.

No authorities are cited to us to the contrary, and we find none. We hold that the trial court properly permitted the plaintiff to elect to claim interest as his measure of damages, in lieu of rents and profits.

The decree below remitted all accrued interest upon the $52,000 note up to March 1, 1918. It also allowed to the plaintiff 6 per cent interest upon $5,600, being the amount paid or tendered on March 1, 1914. Objec-

2. VENDOR AND PURCHASER: wrongful withholding of interest on deposit.

tion is made to the allowance of this latter item. The plaintiff tendered the $5,000 payment on March 1, 1914, and kept his tender good during the period of four years. The tender was the equivalent of payment, and the vendor is deemed to have the benefit of it as such. It appears af-

firmatively that the vendee had not made any use of the
money thus tendered. We have no occasion, therefore, to
consider whether account should be taken of the value of
the use, if he had actually used the same. It is true, also,
that the. vendor had no use of the money, but this was the
result of his wrongful refusal to accept the same. He can-
not, therefore, be compensated. The same reason that
awards to the vendee a remission of the interest on his
purchase-money note entitles him to an allowance of in-
terest upon the money actually paid, or kept in tender.

II.   It is urged by the appellant that the appellee was
estopped from making his present election, by reason of a
former election to claim the rents and profits. It is made
to appear that, at the time of the purchase

**3. VENDOR AND PURCHASER: wrongful withholding: election to accept rent as damages.** and sale of the farm, it was in the posses-
sion of a tenant who held the same under
lease expiring March 1, 1917. The lease,
however, contained the proviso that it could
be terminated by the lessor on the first day
of March of any year, by giving notice of an election to
terminate on or before October 1st preceding. Prior to
October 1, 1913, and while the contract of purchase and
sale was in force, the vendee, Mitchell, served upon the
tenant a notice to terminate the lease as of March 1, 1914.
This was done for the purpose of enabling the vendee to
obtain the actual possession for himself on such date. This
is the fact upon which the appellant now bases his claim
of former election. This was not an election at all. It was
not a choice of remedies. The only right that the vendee
had, at that time, was to do what he did. He was seeking
no remedy, at that time, against the vendor. The vendor
was not then in default. He was not liable to the vendee
for any measure of damages. The default did not occur
until after March 1, 1914. No remedy, as against him,
accrued to the vendee, prior to such time. No election of
remedies by the vendee was possible, until such right of
remedy accrued to him. The contention of appellant at this
point, therefore, cannot be sustained.

III. A question is involved concerning the accruing taxes during the four-year period of delay. The trial court adjudicated the question. The appellant insists that it had no jurisdiction to do so, because the question was outside the scope of the pleadings, and outside of the jurisdiction reserved to the court. We think the question was fairly within the scope of the pleadings, and within the jurisdiction of the court. So far as the taxes of 1913 are concerned, the vendor would have been liable for the payment of these, under his contract and under his warranty deed, if the same had been delivered on March 1, 1914. That obligation has not been diminished by the delay of performance. During the four years of delay of performance, the taxes for such years accrued, and the vendor paid the same. The evidence indicates that the vendor had made some claim to recover from the vendee the taxes so paid, and this furnishes the occasion for the request of the vendee that the question be adjudicated.

4. **VENDOR AND PURCHASER: obligation to pay taxes.**

It is undoubtedly the general rule that the person who is in possession of land, claiming ownership and receiving the rents and profits thereon, is primarily liable for the payment of taxes. *Mohr v. Joslin,* 162 Iowa 34; *Nunngesser v. Hart,* 122 Iowa 647. And this is so whether he holds the legal title or only an equitable title. In this case, the appellant held both the legal title and the possession, and received the rents and profits. Not only so, but, under his contract, he was bound to protect the legal title which he had covenanted to convey. Equity will treat the covenants of warranty of his deed as warranting the title against all incumbrances resulting from the acts of the vendor up to the date of delivery of his deed. In paying the annual taxes, therefore, appellant performed his own obligation, and that alone. The appellee was under no obligation to pay taxes, until he had obtained his title and his possession, pursuant to his contract. It cannot be said, therefore, that the appellant paid the taxes on behalf of the appellee. He paid them in discharge of his own obligation, an obligation

which attached to the attitude chosen by himself in respect to the property.

We think the trial court properly adjudicated the question of taxes. The decree below is, accordingly,—*Affirmed.*

WEAVER, C. J., PRESTON and SALINGER, JJ., concur.