RONALD F. LACY ET AL., APPELLANTS, V. TED DEYLE, APPELLEE.

258 N. W. 2d 826

Filed November 2, 1977. No. 41172.

Tye, Worlock, Tye, Jacobsen & Orr and Patrick J. Nelson, for appellants.

Ross, Schroeder & Fritzler, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

BOSLAUGH, J.

This case arises out of a dispute concerning a provision in a lease which granted the lessees, Ronald F. Lacy and Mary L. Lacy, "the option to purchase the above property at any time during the life of this lease for the sum of $22,900.00." The plaintiffs lessees claimed that they had exercised the option and commenced an action for specific performance when the defendant lessor refused to perform.

The trial court found that the plaintiffs had exercised the option and their failure to tender the purchase price was excused by the defendant's refusal to perform. The judgment provided that the plaintiffs would have 40 days from March 31, 1976, to pay

the purchase price to the defendant, and upon payment the defendant was ordered to convey the property to the plaintiffs. The defendant did not file a motion for new trial and did not appeal from the judgment.

On June 24, 1976, the defendant moved that the judgment be vacated because the plaintiffs had failed to pay the purchase price within the time provided in the judgment. The motion was heard on September 27, 1976, and an order was entered on October 6, 1976, terminating the right of the plaintiffs to purchase the property. The plaintiffs have appealed.

The petition which was filed on July 31, 1975, alleged the plaintiffs were ready, willing, and able to pay $22,900 to the defendant on delivery of either a warranty deed or a quit claim deed to the property. The judgment awarding specific performance which was entered on March 31, 1976, gave the plaintiffs 40 days in which to pay the $22,900 to the defendant. The record shows the plaintiffs were not able to perform until June 30, 1976.

The evidence presented on the motion to vacate showed that the plaintiffs submitted a loan application to First Federal Savings and Loan Association of Lincoln on April 5, 1976. This loan was never completed because the plaintiffs failed to submit information requested by First Federal.

On April 6, 1976, the plaintiffs applied for a loan to Home Federal Savings and Loan Association of Lexington, Nebraska. A commitment for the loan was issued on April 12, 1976, and the plaintiffs notified Home Federal that they required the money on May 9, 1976. May 9 was the 39th day of the 40-day period specified in the judgment of March 31.

The record further shows that on or about April 30, 1976, the attorneys for the parties had a conversation about the case. In this conversation the defendant's lawyer stated that the defendant did not intend to appeal the case and would not require strict compli-

ance with the judgment by payment of the $22,900 within the 40-day period.

The defendant cooperated with the plaintiffs by furnishing an abstract of title to the property and executing a certificate required by the loan company although nothing in the contract or the judgment required the defendant to furnish an abstract of title or assist the plaintiffs to obtain a loan on the property.

The motion to vacate the judgment was filed on June 24, 1976, some 85 days after the judgment which granted the plaintiffs 40 days in which to pay the $22,900 to the defendant. On June 26, 1976, the plaintiffs' lawyer wrote to the defendant's lawyer stating: "We are ready to perform at any time." The plaintiffs' lawyer further stated that he would be away from the office until July 6 but would have one of his associates handle the matter in his absence. He suggested the defendant set a date and then contact his office so that the matter could be closed.

An employee of the loan company testified that the loan company was ready to disburse the money on June 30, 1976. So far as the record discloses, this was the first time the plaintiffs were able to pay the $22,900 to the defendant. There is no evidence the plaintiffs ever notified the defendant or his attorney after June 30, 1976, that they in fact could now perform and no tender of the purchase price was ever made.

The motion to vacate was not heard until September 27, 1976, 180 days after the judgment had been entered on March 31, 1976. The trial court found that although the defendant's attorney had assured the plaintiffs' attorney that the defendant would not insist upon strict compliance with the 40-day limitation, this did not bind the defendant to an indefinite extension. We think this finding is fully supported by the record.

Notwithstanding the plaintiffs' allegations and

statements that they were ready to perform, the evidence shows they had no capability to perform until June 30, 1976, some 50 days after the expiration of the original 40-day period granted in the judgment of March 31, 1976.

A purchaser's right to specific performance may be lost by his failure to perform the contract, and whether specific performance should be granted in a particular case rests within the sound discretion of the trial court. See Russell v. Western Nebraska Rest Home, Inc., 180 Neb. 728, 144 N. W. 2d 728.

The defendant in this case was not required to wait indefinitely for the plaintiffs to perform. At most, the plaintiffs were entitled to a reasonable time after May 10, 1976, in which to perform. When the plaintiffs failed to perform within a reasonable time it was within the discretion of the trial court to terminate the plaintiffs' right to purchase the property. The record shows no abuse of discretion and the judgment must be affirmed.

AFFIRMED.