HIRAM E. WALDO, APPELLANT, v. CHARLES W. LOCKARD ET AL., APPELLEES.

FILED NOVEMBER 17, 1917. No. 19684.

1. **Appeal:** SUPERSEDEAS: LIABILITY OF OBLIGOR. In an action on a supersedeas bond to "abide and perform the judgment or decree rendered or final order which shall be made by the supreme court in the case," defendants are not liable for rentals and interest, where the superseded judgment does not require appellant to pay them.

2. **Specific Performance:** DECREE: RES JUDICATA. In a suit for specific performance, all damages growing out of defendant's breach of contract are litigable, and separate subsequent actions to recover different elements of such damages for the same breach cannot be maintained.

3. ———: ———: ———. After full satisfaction of a decree requiring defendant to specifically perform a contract to transfer real estate and personal property to plaintiff, the latter cannot, on account of the same breach, maintain a separate action to recover rents and interest for detention of the same property pending litigation.

APPEAL from the district court for Wheeler county: JAMES R. HANNA, JUDGE. *Affirmed.*

*H. C. Vail,* for appellant.

*Prince & Prince, contra.*

ROSE, J.

This is an action on a supersedeas bond. The trial court sustained a demurrer to plaintiff's petition. From a judgment of dismissal plaintiff has appealed.

In the district court for Wheeler county plaintiff prevailed in a former suit—specific performance of an exchange contract obligating defendant Lockard to transfer to plaintiff both real estate and personal property. From the decree in favor of plaintiff for specific performance, Lockard appealed and executed a supersedeas bond to "abide and perform the judgment or decree rendered or final order which shall be made by the supreme court in the case." Upon a trial of the appeal, the superseded judgment was affirmed. *Waldo v. Lockard,* 96 Neb. 490. After the affirmed decree had been satisfied according to its terms, plaintiff brought this action on the supersedeas bond to recover from Lockard and his surety interest on the value of the personal property and the rental value of the realty pending the appeal. The decree for specific performance did not require the payment of such interest and rental pending the appeal. These items were, therefore, not protected by the supersedeas bond.

It is argued, however, that the petition in the action on the supersedeas bond is sufficient to charge Lockard with a common-law liabilty for interest and rentals. This position is also untenable. The original suit was one in equity for specific performance. Plaintiff prevailed because Lockard made and violated an agreement to transfer to the former personal property and real estate. There could have been no decree in favor of plaintiff in the action for specific performance without a failure on the part of Lockard to comply with his agreements. All of the damages growing out of his breach of contract were litigable in the original suit in equity. The law does not permit the complete remedy by specific performance to be split into separate actions for different elements of damages flowing from a single breach of contract. It follows that the petition in the action on the supersedeas bond was demurrable.

AFFIRMED.

LETTON, J., dissents.