MARSH-BURKE COMPANY, APPELLANT, v. JOHN H. YOST, APPELLEE.

FILED DECEMBER 14, 1918.   No. 20214.

Judgment: RES JUDICATA. When a petition shows that recovery is sought on a matter adjudicated in a former suit between the same parties, it is subject to a general demurrer.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Affirmed.*

*R. J. Greene,* for appellant.

*Stiner & Boslaugh, contra.*

MORRISSEY, C. J.

Plaintiff brought this action to recover, as exemplary damages, under section 4062, Rev. St. 1913, twice the amount of compensatory damages awarded it in a previous suit. The trial court sustained a general demurrer to the petition, and plaintiff appeals.

In the former suit (*Marsh-Burke Co. v. Yost,* 98 Neb. 523) plaintiff obtained a verdict for $38,000 actual damages, resulting from a conspiracy to drive it out of business. The trial court reduced this verdict to $23,000, and plaintiff, rather than submit to a new trial, permitted judgment to be entered for that amount. Thereafter a motion was filed to have this judgment trebled, under section 4062, Rev. St. 1913, which provides that, in actions of the character involved, the plaintiff is entitled to recover threefold damages. The court denied this motion, and, when the case was brought to this court by defendant, plaintiff filed a

cross-appeal. This court, in its opinion, disposed of the cross-appeal in the following language:

"By its cross-appeal plaintiff contends that the district court erred in refusing to render a. judgment in its favor for triple damages. It must be observed that the plaintiff, by its petition, prayed only for compensatory damages. No claim was made in any of the pleadings or proceedings at any time for triple damages, as provided by section 4062 of the Junkin act, until after the trial court had rendered its judgment on the verdict. The case appears to have been tried and submitted to the jury on the theory that plaintiff should recover only compensation for the injuries it had sustained by defendant's unlawful acts. It would also seem that plaintiff, by filing its remittitur of $15,000, and asking the court to render a judgment for $23,000, was not thereafter in a position to require the court to triple the amount of the judgment."

Plaintiff, by praying only for compensatory damages, by remitting a portion of the verdict to avoid a new trial, and by consenting to the entry of a judgment for the lesser amount, waived any right which it may have had under the statute to claim triple damages.

The demurrer was properly sustained, and the judgment is

AFFIRMED.

LETTON, ROSE and ALDRICH, JJ., not sitting.