EDGAR F. RUSSELL, APPELLEE, v. WESTERN NEBRASKA REST HOME, INC., A CORPORATION, ET AL., APPELLANTS, ALLAN TARR ET AL., APPELLEES.
144 N. W. 2d 728

Filed September 2, 1966. No. 36220.

Robert L. Gilbert, for appellants.

Atkins, Ferguson & Nichols, for appellee Russell.

W. H. Kirwin, for appellees Tarr et al.

Heard before CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and BURKE, District Judge.

BURKE, District Judge.

This is a suit in equity for specific performance of a contract for the sale of 160 acres of land in Scotts Bluff County.

Appellant Western Nebraska Rest Home, Inc., is a corporation and appellants Clara Reisig and Reuben Reisig are president and secretary, respectively, of said corporation. Appellee Edgar F. Russell farms northeast of Minatare. George E. Lemley is a real estate salesman for Asmus and Rychecky, a real estate brokerage firm in Scottsbluff.

Lemley, acting on behalf of the corporation under a listing agreement, contacted Russell about purchasing a tract of land described as the northeast quarter of Section 14, Township 22 North, Range 53 West of the 6th P.M., Scotts Bluff County, Nebraska.

On November 1, 1963, Russell signed an "Offer to Purchase" wherein he offered to purchase the real estate for a stated sum. Clara Reisig, as president of the corporation, signed an acceptance of the offer and Lemley returned a signed copy to Russell. Sometime later Lemley submitted a document entitled "Addendum" to Russell for his signature. Russell refused to sign the document.

The contract of purchase provided for a downpayment of $1,000 with the balance to be paid "on final settlement date on or before March 1, 1964." Under the contract the vendor was to convey marketable title by warranty

deed. The contract was subject to the purchaser "being able to secure a loan in the amount of $5000 on the * * * premises" to be conveyed. Possession of the premises was to be given on or before March 1, 1964, "on payment in full of purchase price."

Russell made the downpayment of $1,000 and it was placed in the realtor's escrow account. In January 1964, Russell made application to the Prudential Insurance Company for a loan. On February 13, 1964, Russell received a title opinion from his attorney showing a defect in the chain of title. On February 18, 1964, Prudential advised its broker, Asmus and Rychecky, that Russell's application for a loan had been approved subject to acceptable title.

On February 17, 1964, attorney for the corporation wrote to its vendor requesting that the defects in title be cured or that he would undertake to do so at the vendor's expense.

During the month of March 1964, Reuben Reisig bought a building in Morrill and wanted to use Russell's downpayment being held in escrow as part downpayment on the building. On March 16, 1964, Asmus and Rychecky credited Reisig's account with Russell's downpayment. Reisig stated, "* * * if this thing don't go through I will bring a thousand dollars back."

On April 22, 1964, attorney for the corporation wrote Russell's attorney and suggested that a settlement be made with part of the purchase price being held in escrow pending perfection of the title or, in the alternative, that Russell take possession under an ordinary farm lease.

On May 26, 1964, Russell's attorney wrote to the attorney for the corporation and stated that Russell had concluded that there had been considerable damage to the property since November and that his client would be willing to proceed under the contract with the understanding that the purchase price would be reduced by $500 and that payment of the balance due would be made

when the title defects were corrected. Russell's lawyer concluded his letter by stating: "I have not seen the place and wouldn't know what it was like before this deal was made so I have to assume that my client's request is reasonable. If the Reisigs feel that it is not, our only recourse will be to ask that the contract be rescinded for the failure by Western Nebraska Rest Home, Inc. to comply with the contract by making the title merchantable."

On May 27, 1964, the attorney for the corporation answered this letter by stating, "* * * the Western Nebr. Rest Home Inc. is treating the contract, if there was a contract, as being rescinded."

On June 1, 1964, the corporation deposited $1,000 to the real estate firm's escrow account as a refund of the downpayment. Russell refused to accept the refund from the real estate firm. On June 1, 1964, the corporation entered into an agreement wherein it agreed to sell the real estate to Allan and Donna Tarr for a stated sum and accepted the sum of $1,500 as a downpayment.

The trial court found that Reuben Reisig, Clara Reisig, and Western Nebraska Rest Home, Inc., should specifically perform the agreement upon receipt of the balance of the purchase price and, in addition, awarded Russell damages in the sum of $980.28.

The trial court ordered that Allan and Donna Tarr have judgment on their cross-petition against the corporation for damages in the amount of $1, and judgment for money had and received in the sum of $1,500 together with interest at the rate of 6 percent per annum from June 1, 1964.

The appellants assign as errors (1) the finding of the trial court that there was a binding agreement between Russell and the corporation and the Reisigs, (2) the order requiring the appellants to specifically perform the agreement, and (3) the awarding of damages.

The applicable rules are:

When land, or any interest therein, is the subject mat-

ter of an agreement, the power of a court of equity to enforce specific performance is beyond question. Bennett v. Moon, 110 Neb. 692, 194 N. W. 802, 31 A. L. R. 495; Mainelli v. Neuhaus, 157 Neb. 392, 59 N. W. 2d 607.

A party who seeks specific performance must show not only that he has a valid legally enforceable contract, but also that he has substantially complied with its terms by performing or offering to perform on his part the acts which formed the consideration of the undertaking on the part of defendant, or that he is ready, able, and willing to perform his obligations under the contract and do whatever has been made a condition precedent on his part, or show a valid excuse for nonperformance of the covenants incumbent upon him. Sofio v. Glissmann, 156 Neb. 610, 57 N. W. 2d 176; O'Brien v. Fricke, 148 Neb. 369, 27 N. W. 2d 403.

The specific performance of a contract by a court of equity is not generally demandable or awarded as a matter of absolute legal right, but is directed to and governed by the sound legal discretion of the court, dependent upon the facts and circumstances of each particular case. It will not be granted where enforcement would be unjust and may be denied when the party seeking it has failed to perform. Kobza v. Spath, 166 Neb. 623, 90 N. W. 2d 246.

Appellants contend that there was not a valid, binding contract inasmuch as the acceptance by the corporation was conditioned upon the execution of the "Addendum" by Russell. The evidence on this point is in irreconcilable conflict. However, there is evidence to support a finding that the "Addendum" was prepared subsequent to the acceptance of the offer. Russell testified that he executed the offer on November 1, 1963, and Lemley later gave him a signed copy of the contract; that nothing was said about the "Addendum" at that time; and that about a week or two later, Lemley submitted the "Addendum" to him for his signature. The evidence is undisputed that the "Addendum" was executed by

Clara Reisig as president of the corporation on November 27, 1963, and shortly thereafter delivered to the real estate office.

Actions in equity, on appeal to this court, are triable de novo, subject, however, to the rule that when credible evidence on material questions of fact is in irreconcilable conflict, this court will, in determining the weight of the evidence, consider the fact that the trial court observed the witnesses and their manner of testifying, and must have accepted one version of the facts rather than the opposite. Wilkie v. Banse, 166 Neb. 138, 88 N. W. 2d 181.

We conclude that there was a valid, legally enforceable agreement between Russell and the corporation. We conclude, also, that Russell substantially complied with the terms of the agreement by performing or offering to perform the acts which formed the consideration of the undertaking on the part of the purchaser.

Next, the appellants urge that if there was a legally enforceable agreement, it was rescinded or abandoned by the letter of May 26, 1964, written by Russell's attorney which is quoted in part hereinabove.

While as a general rule a contract will be treated as abandoned or rescinded when the acts and conduct of one party inconsistent with its existence are acquiesced in by the other party, to be sufficient, the acts and conduct must be positive and unequivocal. 17 Am. Jur. 2d, Contracts, § 494, p. 967.

The language relied upon to support the alleged rescission of the contract is neither positive nor unequivocal and, at most, amounts to nothing more than a threat to rescind in the future.

Finally, the appellants contend that the trial court erred in awarding Russell damages in the sum of $980.28 which included delinquent real estate taxes in the amount of $480.28.

In McCleneghan v. Powell, 105 Neb. 306, 180 N. W. 576, we approved the rule announced in Beckwith v.

Clark, 188 F. 171, where the court held: "The general rule is that from the time when a contract of sale of land should be performed the land is in equity the property of the vendee held by the vendor in trust for him, and the purchase price is the property of the vendor held in trust for him by the vendee, and that upon specific performance the vendor is liable to account for the rents and profits and the vendee for the interest on the purchase price."

It is conceded that the delinquent taxes were not paid by Russell and inasmuch as the corporation under its contract was obligated to convey free and clear of liens and encumbrances, the court erred in taking this factor into consideration in its accounting. Further, a vendor, sued for specific performance, which has retained possession and received the rents and profits of the land, is liable for taxes accruing between the time of the contract and the trial. Mitchell v. Mutch, 189 Iowa 1150, 179 N. W. 440.

Russell's evidence concerning rents and profits is at best speculative, and, in any event, does not equal the interest on the unpaid balance of the purchase price.

Since the failure to execute the contract of sale at the time set for its execution was due to the fault of the corporation, it would be inequitable to allow it to gain any advantage from its own fault. Accordingly, the remission of interest on the unpaid balance of the purchase price is the measure of the purchaser's damages.

After a consideration of the rules herein announced, we conclude that the judgment of the trial court is correct in ordering Western Nebraska Rest Home, Inc., Reuben Reisig, and Clara Reisig to specifically perform the agreement set forth in Russell's petition upon receipt from Russell of the balance of the purchase price on said agreement. It is further ordered that Allan Tarr and Donna Tarr have judgment against Western Nebraska Rest Home, Inc., for $1,501 with interest at 6 percent per annum from June 1, 1964, as provided by the judgment

of the district court. We hold that the judgment for damages against appellants in the sum of $980.28 is in error and that portion of the trial court's judgment is vacated. The judgment of the district court as modified by this opinion is affirmed.

AFFIRMED AS MODIFIED.