JOE SECHOVEC, APPELLANT, v. ERNEST HARMS ET AL, APPELLEES.

187 N. W. 2d 296

Filed May 28, 1971. No. 37862.

H. E. Hurt, Jr., for appellant.

Edward Asche, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

McCOWN, J.

This is an action at law for real estate rent. A motion for summary judgment by defendant Harms was sustained and the action dismissed. The issue on appeal is whether or not a former judgment for specific performance was res judicata as to this action. We affirm the judgment of the district court.

In September 1965, the plaintiff as purchaser and the defendants as sellers executed a contract for the sale and purchase of real estate consisting of approximately 40 acres of land in Dodge County, Nebraska. The purchase price was $325 per acre. The closing date was January 1, 1966. The contract price was tendered by the purchaser prior to January 1, 1966. On January 15, 1966, the purchaser's check was returned and the defendant sellers refused to convey. In March 1966, the plaintiff filed suit in the district court for specific performance and deposited a check for the purchase price in the district court. The petition prayed for specific performance "and for such other, further and different relief as may be just and equitable and the costs of this action." Decree for specific performance was entered on May 10, 1967. Performance was had under the decree and possession delivered to the plaintiff. Thereafter on November 6, 1967, plaintiff commenced this separate action at law to recover the reasonable rental value of the real estate for the period possession was denied.

The district court found that all damages growing out of the alleged breach of contract were litigable in the suit for specific performance and were, therefore, res judicata. Summary judgment was entered in favor of defendant Harms and the plaintiff's action dismissed.

Whether it be called an action for rental or an action for damages for delay in performance, the whole foundation for plaintiff's cause of action here rests on the

contract which was required to be specifically performed. The crucial issue is whether full satisfaction of the judgment for specific performance is res judicata in a later separate action at law to recover damages or a money judgment.

It is a basic and long-established principle of equity jurisprudence that where a court of equity has properly acquired jurisdiction in a suit for equitable relief, it will make a complete adjudication of all matters properly presented and involved in the case and ordinarily will grant such relief, legal or equitable, as may be required and thus avoid unnecessary litigation. See, Muff v. Mahloch Farms Co., Inc., 184 Neb. 286, 167 N. W. 2d 73; Ready Sand & Gravel Co. v. Cornett, 184 Neb. 726, 171 N. W. 2d 775.

In an action where specific performance is decreed, courts ordinarily attempt to place the parties in the same position in which they would have been if the contract had been performed at the time agreed upon. Often this has been expressed by holding that upon specific performance the vendor is liable to account for the rents and profits and the vendee for the interest on the purchase price. See Russell v. Western Nebraska Rest Home, Inc., 180 Neb. 728, 144 N. W. 2d 728.

Material facts or questions which were in issue in a former action and were there admitted or judicially determined, and all points which properly belonged to the subject of litigation which might have been brought at the time with reasonable diligence, are conclusively settled by a judgment rendered therein, and such facts or questions become res judicata and may not again be litigated in a subsequent action. See Muff v. Mahloch Farms Co., Inc., *supra.*

Cases relied upon by the plaintiff generally reflect the viewpoint that a suit for specific performance and for damages for delay in performance are two separate causes of action. That view may stem from semantic differences in approach to "damages," or "breach of

contract," as opposed to "specific performance" of contract, or it may stem from the basic differences between equity and law which are still sharply defined in some states. In Nebraska, we have adopted the rule that in a suit where specific performance is granted, all damages growing out of defendant's breach of contract are litigable in the specific performance action and separate subsequent actions to recover different elements of such damages for the same breach cannot be maintained. Waldo v. Lockard, 101 Neb. 797, 165 N. W. 154. In that case, the court stated: "All of the damages growing out of his breach of contract were litigable in the original suit in equity. The law does not permit the complete remedy by specific performance to be split into separate actions for different elements of damages flowing from a single breach of contract."

Whether an action of this kind be treated as in equity or at law or a combination of both, the fundamental reasoning of Waldo v. Lockard, *supra,* remains valid.

The judgment is affirmed.

AFFIRMED.