TEDCO DEVELOPMENT CORP., APPELLANT AND CROSS-APPELLEE, V. OVERLAND HILLS, INC., A NEBRASKA CORPORATION, ET AL., APPELLEES AND CROSS-APPELLANTS.

287 N. W. 2d 49

Filed January 3, 1980. No. 42498.

Walsh, Walentine & Miles, for appellant.

Timothy J. McReynolds and Thomas A. Grennan of Gross, Welch, Vinardi, Kauffman, Day & Langdon, for appellees.

Heard before KRIVOSHA, C. J., BOSLAUGH, MCCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

CLINTON, J.

In a previous opinion in this same case, we affirmed a judgment of the District Court granting to the plaintiff Tedco, as purchaser, specific performance of a contract to purchase real estate from the defendant Overland Hills. Tedco Development Corp. v. Overland Hills, Inc., 200 Neb. 748, 266 N. W. 2d 56. The present appeal is from a judgment of the District Court made upon the application of Overland Hills, filed on June 29, 1978, after issuance of the mandate in the prior appeal, "to determine the manner in which real estate taxes are to be prorated pursuant to Contract between Overland Hills Inc. and Tedco Development Corp." Tedco, on the same date, filed a waiver of notice of hearing and joined in the application. On June 30, 1978, the court entered an order which contained the following recital: "That the parties are to close on the property subject to the Purchase Agreement on June 30, 1978, and cause to be paid into this Court the funds in dis-

pute to await ruling by this Court and/or any appeal therefrom for payment to the party properly entitled thereto." The court then ordered the closing of the sale "in accordance with [the] terms" of the agreement and directed the buyer, Tedco Development Corp., to pay into court $7,500 from the purchase price "to be disbursed to the party rightfully entitled thereto."

On September 25, 1978, the court entered an order construing the contract, saying (referring to the tax provision of the contract which will be set forth later in this opinion): "I interpret this to mean that the buyer is only liable for taxes assessed in 1976, and that the seller is liable for all other real estate taxes due or delinquent up until the time specific performance was decreed. . . . The 1977 taxes, payable in 1978 became due and delinquent during the pendency of court litigation and are the responsibility of the seller." The court then ordered ". . . that the sum of $7500.00 now held by the Court in escrow be paid to Plaintiff Tedco Development Corp. upon the expiration of the appeal time and by motion of plaintiff."

Overland Hills then filed a timely motion for new trial. While that motion was pending the court, after submission of briefs and argument by the parties, did, on November 30, 1978, modify its order as to the 1977 taxes. It found that the parties had closed the transaction on June 30, 1978. It ordered that the 1977 taxes be prorated as of the date of closing, June 30, 1978, and that the funds in escrow in the court in the amount of $7,500 be paid $3,704.04 to the seller Overland Hills, and the remaining $3,795.96 to the purchaser Tedco, "provided that the taxes in issue have been paid to the Sarpy County Treasurer."

Tedco, the purchaser, has appealed and urges that the District Court erred in finding that it was responsible for paying the real estate taxes due December 31, 1976, and payable during 1977. The seller Over-

land Hills has cross-appealed and assigns as error the determination of the District Court that the 1977 taxes, payable in 1978, should be prorated as of the closing date, June 30, 1978.

There is no bill of exceptions before us in connection with the application to construe the contract. We can, of course, and do take judicial notice of the record in the prior proceeding insofar as it is relevant.

It will be necessary to recite some of the history of the prior proceedings and to make reference to the provisions of the contract. On October 19, 1976, Overland Hills entered into a contract to sell the property to one Lopp for the sum of $450,000. On February 1, 1977, Lopp assigned the contract to one Young. That contract by its terms was to be closed on February 25, 1977. As is apparent from the prior record, it was doubtful that Young would have been able to perform.

On February 14, 1977, Overland Hills entered into a contract to sell the property to Tedco for the sum of $485,000. That is the contract which is involved in this litigation concerning payment of taxes and as to which specific performance was decreed.

The Young contract did not close on February 25, 1977. He did not have the ability to perform on that date. On March 2, 1977, Overland Hills declared the Young contract void. Tedco then demanded that its contract be performed. On April 6, 1977, Overland Hills sought to rescind its contract to sell to Tedco because the Young contract had been recorded and there was a resulting title impediment. The action for specific performance was then commenced by Tedco, with both Overland Hills and Young as defendants.

The contract between Overland Hills and Tedco made reference to the prior contract which had been assigned to Young and provided that if the parties to the latter contract did not close on or before Febru-

ary 25, 1977, Tedco would have the sole and only right to purchase. It also provided: "All real estate taxes due or delinquent shall be paid by owner and all taxes due December 31, 1976 and payable during 1977 shall be paid by buyer." It should be noted that when the contract was entered into on February 14, 1977, the 1976 taxes were already a lien, due and payable, although not delinquent. The Tedco contract, in contrast to the Young contract, did not call for closing on a specific date. It provided that the contract would be closed ". . . within 30 days' [sic] after delivery of said abstract of title or title commitment, or in the event title defects are found in said title, within 10 days' [sic] after such defects are cured," and, "If said defects are not cured within a reasonable time, then either purchaser or seller may rescind this agreement and seller shall refund to purchaser the deposit made hereunder." The contract provided that conveyance was to be made by general warranty deed, free and clear of all liens and encumbrances, except certain special assessments.

The basic rules covering liability of vendor and vendee for taxes upon real estate sold under contract are as follows: "The vendor must pay all taxes or assessments for which he is liable by the terms of the contract or the covenants in the deed, and in the absence of an express agreement, generally the vendor must pay all taxes which are a lien at the time of delivery of the conveyance." 92 C. J. S., Vendor & Purchaser, § 290, p. 167.

"The purchaser must pay the taxes and assessments for which he is liable under the provisions of the contract or deed, and the purchaser will ordinarily be liable for all taxes which become a lien after the conveyance." 92 C. J. S., Vendor & Purchaser, § 290, p. 168.

"Taxes and assessments should, under some circumstances, be apportioned between the vendor and

purchaser." 92 C. J. S., Vendor & Purchaser, § 290, p. 169. Such circumstances would, of course, include cases where proration is specifically provided for in the contract or deed or where there is a local custom to that effect. Where the contract is silent, statutory provisions may govern. Where there is a specific contractual provision, it, of course, will govern. 92 C. J. S., Vendor & Purchaser, § 290, pp. 169, 170.

A vendor, sued for specific performance, who has retained possession and received rents and profits of the land, is liable for taxes accruing between the time of contract and the trial. Russell v. Western Nebraska Rest Home, Inc., 180 Neb. 728, 144 N. W. 2d 728; Mitchell v. Mutch, 189 Iowa 1150, 179 N. W. 440; Lininger v. B. H. G'hound Racing Ass'n., 82 S. D. 507, 149 N. W. 2d 413; Kimball v. Swanson, 47 Wis. 2d 72, 177 N. W. 2d 375.

As already noted, there is no bill of exceptions before us containing evidence which may have been presented at the hearing on the application. In the absence of a bill of exceptions, review on appeal is limited to whether the pleadings support the judgment entered by the trial court. Hanson v. Hanson, 198 Neb. 675, 254 N. W. 2d 699. A corollary of the above principle is that where there is no bill of exceptions presented to us, it will be presumed that the evidence supports the judgment.

As we see it, two basic questions are involved. First, was the obligation of the purchaser to pay the 1976 taxes in accordance with the specific contractual provisions in any way changed by the delay in performance? Second, how did delay in performance affect the obligation of the parties with reference to the 1977 taxes? The contract was silent on this matter. The 1977 taxes became a lien while litigation was pending and were due and payable at the time the court entered its judgment.

When the contract was executed on February 14,

1977, the 1976 taxes were already a lien. Tedco contracted to pay them, probably because this is what the contract between Overland Hills and Lopp provided. Overland Hills was apparently unwilling to enter the contingent agreement with Tedco on terms less favorable to it than those contained in the Lopp contract. We think we may take note of the common practice that when taxes are already a lien when the contract is made, the usual practice is that the seller contracts to pay them, or if they are for the current year, the contract may provide that they are prorated to the date of possession.

In this case the parties contracted contrary to that practice. No specific closing date was provided in the contract. The closing was to take place within 10 days after defects were cured. Thus, the purchaser Tedco contracted to pay the 1976 taxes even though they were already payable and it was uncertain as to when possession of the real estate would be delivered. Under these circumstances, the general rule that a seller or purchaser must pay those taxes which he is obligated to pay under the terms of the contract is applicable. It is clear that the purchaser's assumption of the 1976 taxes was not in any way intended to be dependent upon obtaining possession at a particular time.

The parties made no provision in the contract as to who would be obligated to pay subsequent taxes which might become a lien and due before the contract was closed. The only reasonable conclusion is that they contemplated that the conveyance of title would take place before that occurred. As we have previously noted in our recital of the facts in the record, Overland Hills attempted to repudiate its contract to sell to Tedco. The action for specific performance was made necessary not merely to remove the claim of Young, which was a title impediment, i.e., the curing of a title defect which arguably was contemplated by the contract, but was

also necessary to compel performance by Overland Hills. Overland Hills was, therefore, responsible for the delay in performance. Under these circumstances, the rule is that a vendor, sued for specific performance, who has retained possession and received the rents and profits of the land, is liable for taxes accruing between the time of the contract and the trial. Russell v. Western Nebraska Rest Home, Inc., *supra*; Mitchell v. Mutch, *supra*; Lininger v. B. H. G'hound Racing Ass'n., *supra*; Kimball v. Swanson, *supra*. See, also, Smith v. Hornkohl, 166 Neb. 702, 90 N. W. 2d 347, as to the effect of notice of title defects upon the rights to specific performance.

In this case, the court directed proration of the 1977 taxes as of the date of closing, rather than directing that Overland Hills pay the full amount. The judgment journal entry contains a recital relative to local custom. In the absence of a bill of exceptions, it must be presumed that there was evidence which supports the verdict or judgment. Hanson v. Hanson, *supra*. The order requiring proration must, therefore, be deemed to have been supported by the evidence.

We must take note of three contentions which Overland Hills raises in its cross-appeal. It contends that the only issue raised in the application was liability for the 1976 taxes, thus the court had no jurisdiction to decide an issue not raised by the pleadings and submitted to the court by the parties. Hallgren v. Williams, 146 Neb. 525, 20 N. W. 2d 499; Drieth v. Dormer, 148 Neb. 422, 27 N. W. 2d 843; National Fire Ins. Co. v. Evertson, 153 Neb. 854, 46 N. W. 2d 489; Alexander v. School Dist. No. 17, 197 Neb. 251, 248 N. W. 2d 335.

The principle cited is correct. However, the pleading was in broad and general terms, to wit, "to determine the manner in which real estate taxes are to be *prorated* pursuant to Contract." (Emphasis supplied.) This language is sufficiently broad to

cover the 1977 taxes which were a lien and payable when the pleading was filed and when the court was asked to decide. If the parties had intended to limit the issue, they should have been more precise in their pleadings.

Overland Hills also contends that Tedco should not be permitted to raise any issue as to taxes at all because the matter is res judicata, because the issue could have been raised on the first appeal. Overland Hills relies upon the principle that: "Material facts or questions which were in issue in a former action and were there admitted or judicially determined, and all points which properly belonged to the subject of litigation which might have been brought at the time with reasonable diligence, are conclusively settled by a judgment rendered therein, and such facts or questions become res judicata and may not again be litigated in a subsequent action." Sechovec v. Harms, 187 Neb. 70, 187 N. W. 2d 296. See, also, Waldo v. Lockard, 101 Neb. 797, 165 N. W. 154. Again, the principle is sound. However, res judicata is an affirmative defense which must ordinarily be pleaded in order to be available. Gutzmer v. Nelsen, 121 Neb. 214, 236 N. W. 614. It may be raised by demurrer only where the defense affirmatively appears on the face of the petition. Marsh-Burke Co. v. Yost, 102 Neb. 814, 170 N. W. 172. The issue was not raised in either way in this case. In fact, Overland Hills joined in the application, using language in the waiver of notice which was substantially identical to that of the application.

Tedco also argues that the issue was moot because the parties had closed and no issue was ever raised as to the 1977 taxes. This contention is partially answered by what has already been said. The order of the District Court recites that the transaction was closed, which we presume to mean that the deed had been delivered and the money paid, except for the amount in escrow. However, the terms upon which

the parties closed are not in the record as there is no bill of exceptions. If the determination of the issue was or could have been affected by some provision of the deed, then the deed should have been included in a bill of exceptions so that its provisions could be considered by this court. That has not been done. Again, we must presume that the evidence, whatever it was, supports the judgment of the District Court.

AFFIRMED.