IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

CREDIT BUREAU SERVS. V. SUNDQUIST

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

CREDIT BUREAU SERVICES, INC., APPELLEE,

V.

MARVIN D. SUNDQUIST, APPELLANT.

Filed June 25, 2019.    No. A-18-132.

Appeal from the District Court for Dodge County, JOHN E. SAMSON, Judge, on appeal thereto from the County Court for Dodge County, KENNETH J. VAMPOLA, Judge. Judgment of District Court affirmed.

Marvin D. Sundquist, pro se.

Amanda M. Barron, of Amanda Barron Law, L.L.C., for appellee.

MOORE, Chief Judge, and PIRTLE and BISHOP, Judges.

BISHOP, Judge.

## INTRODUCTION

Marvin D. Sundquist appeals from the order of the Dodge County District Court which affirmed the order of the county court granting summary judgment in favor of Credit Bureau Services, Inc. (CBS). Sundquist claims he was denied a proper appeal to the district court, summary judgment was contrary to law, and service of discovery should require proof of actual receipt. We affirm.

## BACKGROUND

In March 2016, CBS filed suit against Sundquist in the county court for Dodge County seeking collection of various unpaid debts and expenses for the cost of goods and services supplied to Sundquist (seven different accounts). Sundquist, pro se, filed an answer in which he denied

- 1 -

familiarity with some accounts, did not address two accounts, alleged that he paid the fair and reasonable amount for services performed on one account, and asserted that services were not properly provided as to another account. In June, CBS mailed Sundquist a request for admissions. Because Sundquist failed to respond to the discovery, CBS filed a motion for summary judgment in September. CBS argued that Sundquist's failure to respond to the request for admissions operated as an admission of the matters asserted therein under "Rule 36 of the Nebraska Discovery Rules in Civil Cases" (Neb. Ct. R. Disc. § 6-336 (Rule 36)) such that there was no genuine issue as to any material facts and CBS was entitled to judgment in its favor as a matter of law. A hearing took place on October 24, during which the court received CBS' affidavit in support of its motion and a copy of the request for admissions. Sundquist asked that the admission be withdrawn because he did not receive the request for admissions. He did "not know how they were mailed or who they were mailed to." He argued that granting CBS' motion would deny him due process. Upon viewing CBS' affidavit showing his address at a post office box numbered 1923 in Fremont, Nebraska, Sundquist said that had not been his address for at least 6 months to over a year. The court told Sundquist there were certain rules on how to respond to a summary judgment and that without Sundquist submitting an affidavit, it was granting summary judgment. The county court entered an order the same day granting summary judgment in CBS' favor for $3,235.20, plus interest, attorney fees, and court costs.

Sundquist filed a motion for new trial on November 1, 2016, alleging that summary judgment was not supported by sufficient evidence and was contrary to the law. Sundquist also filed a "Motion to Quash" his admissions, claiming that CBS had failed to show it had properly served him those requests. He alleged that he "currently resides at the same address in which the summons was served [in this case]. Anything short of a showing that the request for admissions was served upon [him] at that address fails to provide [him] with proper service of the admissions." He further alleged that "Nebraska Supreme Court Rule § 6-336 fails to require that the party requesting admissions choose a method of service that provides a reasonable assurance that the request for admissions is actually received by the intended individual, and that they had an opportunity to respond to such request." He suggested that without requiring delivery confirmation, a court could not determine if the request for admissions was actually received by the intended individual.

Sundquist's motions were heard on November 28, 2016. The county court issued an order on March 3, 2017. In that order, it noted that the parties had appeared for hearing on October 24, 2016, related to CBS' motion for summary judgment based upon Sundquist's failure to answer CBS' request for admissions. The county court also noted that at the October 24 hearing, it had received CBS' affidavit and a copy of the request for admissions without objection; Sundquist had not offered any evidence in the form of affidavits, but he had made an oral motion to "withdraw his admissions," arguing he had not received the discovery at his address on file with the court. The court noted that at the time of the October 24 hearing, it had not specifically ruled on the request to withdraw admissions, but went on to grant summary judgment based upon Sundquist not filing an opposing affidavit. Observing that Sundquist's motion for new trial was not an appropriate motion following entry of a summary judgment, the court treated the pending motion as a request to alter or amend judgment since the motion had been filed within 10 days of the

October 24 order. The court went on to find that the summons, service return, motion for default judgment, and motion for summary judgment all listed Sundquist's address as being at a specific street address, including lot number, in a particular trailer park, and that any reference to a post office box was to box number 765. However, CBS' notice of service for discovery documents showed the request for admissions was sent by mail to Sundquist at box number 1923. The county court vacated the summary judgment order because it concluded that even though Sundquist had not offered an affidavit in opposition to the motion for summary judgment, the pleadings showed that the different addresses gave rise to a genuine issue of material fact as to whether Sundquist was properly served with the request for admissions. The court dismissed the motion to quash as it was an "improper motion in civil procedure" and was mooted by the other findings. However, the court did grant Sundquist's motion to withdraw his admissions.

CBS thereafter mailed another request for admissions to Sundquist on March 24, 2017, this time to the street address and lot number Sundquist had now asserted was his correct address, and which had been specifically set forth in the county court's March 3 order. Sundquist again failed to respond, and in May, CBS once again filed for summary judgment. A journal entry reflects that at a hearing on June 19 (the bill of exceptions for this hearing is not in our record), the county court received three exhibits: CBS' notice of service/request for admissions, CBS' representative's affidavit, and Sundquist's affidavit. On July 24, the county court entered an order stating, in part:

> [CBS'] motion for summary judgment, currently before the Court, is based on [Sundquist's] failure to answer the request for admissions, which are deemed admitted pursuant to Rule 36 . . . .
>
> [Sundquist] again asserts that he did not receive the request for admissions and he requests time to respond. However, this time [CBS'] request for admissions was properly addressed to [Sundquist] at [address previously identified in March 3 order], Fremont, Nebraska. A letter properly addressed, stamped, and mailed raises a presumption that the letter reached the addressee in the usual course of the mails. *Baker v. St. Paul Fire & Marine Ins. Co.*, 240 Neb. 14, 480 N.W.2d 192 (1992). This presumption may be rebutted with any relevant evidence; however positive testimony by the addressee that a letter was not received simply raises a question of fact to be decided by the trier of fact. *Waite Lumber Co., Inc. v. Carpenter*, 205 Neb. 860, 290 N.W.2d 655 (1980). In this case, [CBS] has met said presumption. [Sundquist] failed to answer the request for admissions, which are deemed admitted.

The county court's July 24 order granted summary judgment in favor of CBS, and entered judgment in its favor for $3,235.20, plus interest, attorney fees, and court costs.

On August 2, 2017, CBS filed an "Affidavit and Praecipe for Summons in Garnishment (in Aid of Execution)" in the county court to collect sums Sundquist owed under the judgment rendered against him. After receiving notice of the summons and order of garnishment, Sundquist filed a request for a hearing in the county court garnishment proceeding and filed a waiver of the "10 day time frame in which to receive a garnishment hearing"; he asked "that the hearing be held on Aug[ust] 28." On August 15, the county court entered an order in which it scheduled a hearing concerning the garnishment proceeding for August 28. In the interim, on August 22, Sundquist

filed an appeal to the district court concerning the county court's July 24 summary judgment order. He also filed on the same day, a praecipe for transcript and bill of exceptions; the bill of exceptions was "to include all testimony given, arguments made, and exhibits offered." It identified a summary judgment hearing held on "June 14th, 2017," the motion to quash and motion for new trial hearing held on November 28, 2016, and the summary judgment hearing held on October 24, 2016. Sundquist also filed a "Notice of Issues" setting forth the issues he intended to raise in his appeal to the district court. These included a claim that Rule 36 was contrary to the due process clause because it only requires an assertion that a request for admissions was sent to a party and does not require proof that it was sent or that it was delivered. Sundquist claimed, "For a judgment to be entered based on a Defendant's failure to respond, Due Process requires not only that the Request for Admissions was mailed, but also that the Defendant received the Request for Admissions." He also claimed summary judgment was a violation of his constitutional right to due process as applied in this case, and that summary judgment was contrary to law. He further contended that it was error for the county court to deny his motion to quash.

On August 29, 2017, Sundquist filed in the district court a request for a garnishment hearing and a request for an injunction against the garnishment order issued by the county court, in part, because of his appeal of the county court's summary judgment order. On September 6, the district court ordered that a hearing on Sundquist's "Request for Garnishment Hearing" was set for October 2. At CBS' request, that hearing was continued.

A hearing took place in the district court on October 30, 2017. The district court received Sundquist's exhibit containing the bill of exceptions from the county court hearing on October 24, 2016, (prior to first entry of summary judgment) and the county court hearing on November 28 (on Sundquist's motions for new trial and to quash). The district court noted that Sundquist's praecipe for transcripts and bill of exceptions also requested a summary judgment hearing on "June 14th, 2017"; Sundquist said that must have been a mistake and confirmed that he was at the hearing on June 19.

The district court asked whether Sundquist was appealing the county court's order from July 2017. Sundquist answered affirmatively and added: "I believe this is a garnishment hearing as well. I have been garnished for three months." Sundquist stated that while he was appealing the order of July 2017, he "was not aware that the appeal hearing was today." The district court told Sundquist that he was mistaken and informed him it was an appeal hearing based on Sundquist's appeal of the July 2017 order and his filing of a praecipe for a transcript, which the court had in front of it. However the court specifically told Sundquist that it did not have a transcript (bill of exceptions) for the June 19 hearing, but did have the court's order. The court then said to Sundquist, "And, so, with that said, if you wish to proceed today, I'll allow you to proceed. And if you don't -- well, you tell me what you want to do." The following colloquy then took place.

> [Sundquist]: I have no choice. I cannot afford to continue without getting this taken care of because the garnishment has been devastating, but I have no choice to proceed with it.
>
> THE COURT: Well, you have a choice. I mean, if you want to proceed with it today, I'll proceed.
>
> [Sundquist]: As long as the garnishment order is in place, I cannot afford to survive.

THE COURT: And I'm telling you I can't do anything about the garnishment order. Now, if I vacated a judgment, that would take care of it, but I'm not dealing with any hearings on garnishment issues. I don't have it before me today. It's in County Court, okay? Understood?

[Sundquist]: Yes, Your Honor.

. . . .

THE COURT: . . . Sir, you wish to proceed today?

[Sundquist]: Yes, Your Honor.

The district court then informed the parties that it had the bill of exceptions from the hearings on proceedings held on October 24 and November 28, 2016. The court stated, "That's the bill of exceptions I have. Sir, do you wish me to consider that for purposes of this appeal?" Sundquist replied, "Yes, Your Honor." The bill of exceptions for those two hearings was marked as an exhibit, and Sundquist confirmed that he wanted to offer the exhibit in support of his appeal. The district court heard argument from each party and then asked them to submit briefs. The matter was taken under advisement.

On January 12, 2018, the district court entered an order affirming the county court's July 24, 2017, order. It remanded the matter to the county court for execution of the judgment in accordance with its order. Sundquist, pro se, now appeals to this court.

## ASSIGNMENTS OF ERROR

Sundquist claims, restated and reordered, that (1) he was denied a proper appeal to the district court, (2) the county court's July 24, 2017, summary judgment was contrary to law, and (3) Rule 36, as written, is contrary to the 5th and 14th Amendments to the U.S. Constitution.

## STANDARD OF REVIEW

An appellate court will affirm a trial court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Sulu v. Magana*, 293 Neb. 148, 879 N.W.2d 674 (2016).

In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Colwell v. Mullen*, 301 Neb. 408, 918 N.W.2d 858 (2018).

## ANALYSIS

### CBS' OBJECTION TO LATE FILING OF BILL OF EXCEPTIONS

As an initial matter, we address an objection filed by CBS to the bill of exceptions. CBS requests that this court not consider the bill of exceptions because it was filed after the originally designated due date of April 2, 2018 (our court records confirm this was the original due date for record preparation). Our court records also reveal that Sundquist timely filed a "PRAECIPE FOR APPEAL" in the district court on February 12, 2018 (same day as his notice of appeal was filed),

requesting the Clerk of the District Court for Dodge County to "prepare, certify, and deliver" to this court a transcript and a "Bill of Exceptions" which was "specifically to include all statements made by the [district court], [Sundquist] and [CBS' counsel] at the time of the hearing . . . on October 30th, 2017 and all documents offered and/or received into evidence."

Therefore, although Sundquist timely filed his request for the bill of exceptions related to the district court hearing held on October 30, 2017, the bill of exceptions was not filed with the district court clerk until July 18, 2018. This was well after the record preparation date of April 2, and there does not appear to be a motion filed requesting an extension of time for the late filing, nor any other explanation in the record for the delay in getting the bill of exceptions filed. See Neb. Ct. R. App. P. § 2-105(B)(4) (extension of time for preparation of bill of exceptions may be granted; any party can request additional time by filing motion accompanied by affidavit of court reporter setting forth certain information, including present work load, and also containing approval of "appointing judge").

Although Sundquist's failure to comply with our appellate court rules could result in this court not considering the untimely filed bill of exceptions as requested by CBS, we will consider the bill of exceptions in this instance. That may not always be the case, and we caution that failure to comply with such rules could certainly impact a full review of issues raised on appeal. CBS' objection to the late filing of the bill of exceptions in this case is soundly based and duly noted, but is overruled. We now turn to the merits of the appeal.

SUNDQUIST'S APPEAL TO DISTRICT COURT

Sundquist claims he was denied a proper appeal to the district court. He states that "[i]n place of the garnishment hearing taking place," the district court heard oral arguments for "[his] appeal to [the district court]." Brief for appellant at 7. Sundquist says he was "unprepared to make a proper argument on appeal." *Id.*

The district court originally scheduled a "hearing on [Sundquist's] Request for Garnishment Hearing," which may have led to Sundquist's confusion. However, during the hearing on October 30, 2017, the district court told Sundquist that his complaint about not receiving a garnishment hearing was a county court issue. The district court explained to Sundquist that the only matter before it was Sundquist's appeal of the county court's July 24, 2017, summary judgment order. And after providing that explanation, the district court asked Sundquist if he still wanted to proceed, to which Sundquist replied that he did.

The record supports that even if Sundquist initially believed the October 30, 2017, hearing was to address his complaints about garnishment matters, that belief should have been dispelled during his interaction with the court. The district court specifically informed Sundquist that the hearing was limited to his appeal of the county court's summary judgment order, and that matters related to the garnishment proceedings were in the county court. The district court left it to Sundquist's discretion as to whether he wanted to proceed with the hearing. Sundquist said he "ha[d] no choice" but to proceed, but the district court responded that he did have a choice. Sundquist chose to proceed. He cannot now complain that he was denied an opportunity for a proper appeal when he was given the choice to not proceed at the time. Further, Sundquist was given the opportunity to argue to the district court during the hearing and the parties were also

instructed to submit briefs on the matter. Sundquist was given a choice whether or not to proceed, and he also had reasonable opportunities to present his arguments regarding the county court's summary judgment order. Sundquist's claim that he was denied a proper appeal to the district court is refuted by the record.

### SUMMARY JUDGMENT

Sundquist contends the July 24, 2017, summary judgment order was "contrary to law." Brief for appellant at 8. Sundquist asserts that his affidavit "testifying that he did not receive the request for admissions raised a question of fact to be decided by the trier of fact" because it disputed CBS' claim that the request for admissions was "properly sent" to him. *Id.* at 9-10. For references to his affidavit, Sundquist cites to the transcript.

There is no bill of exceptions for the June 19, 2017, hearing on CBS' second summary judgment motion, at which time Sundquist's affidavit was received. As previously indicated, Sundquist's praecipe for the bill of exceptions related to his appeal to the district court referred to an incorrect hearing date of June 14; therefore, no bill of exceptions was made for the June 19 hearing. Also, when Sundquist was made aware of this fact by the district court, he opted to nevertheless proceed with the appeal hearing. We can see that the county court's journal entry corresponding with the June 19 hearing indicates what evidence was received, and we are also able to view documents in the transcript which appear to be those described in the court's journal entry. However, none of the evidence from the June 19 hearing was properly presented for the district court to consider, nor is it available to this court in the present appeal.

It is incumbent upon the appellant to present a record supporting the errors assigned. *Ginger Cove Common Area Co. v. Wiekhorst*, 296 Neb. 416, 893 N.W.2d 467 (2017). See, also, *Friedman v. Friedman*, 290 Neb. 973, 863 N.W.2d 153 (2015) (pro se litigant will receive same consideration as if represented by attorney, and pro se litigant held to same standards as one represented by counsel). An affidavit used as evidence cannot be considered on an appeal of a cause to an appellate court unless it is offered in evidence in the trial court and preserved in and made a part of the bill of exceptions. See *Peterson v. George*, 168 Neb. 571, 96 N.W.2d 627 (1959). The fact that an affidavit used as evidence was filed in the office of the clerk of the court and made a part of the transcript is not important to a consideration and decision of an appeal in the cause to an appellate court. See *id.* If such an affidavit is not preserved in a bill of exceptions, its existence or contents cannot be known by an appellate court. *Id.*

In the absence of a bill of exceptions, review on appeal is limited to whether the pleadings support the judgment entered by the trial court. *Tedco Development Corp. v. Overland Hills, Inc.*, 205 Neb. 194, 287 N.W.2d 49 (1980). A corollary of the above principle is that where there is no bill of exceptions presented to the appellate court, it will be presumed that the evidence supports the judgment. See *id.* Therefore, in the absence of the bill of exceptions for the June 19, 2017, hearing relevant to Sundquist's appeal, the issue before the district court, sitting as an intermediate appellate court, was whether the pleadings supported the judgment. We consider the same here.

CBS' complaint set forth a claim against Sundquist for unpaid debt and expenses, specifically for "furnished goods, necessaries of life, labor and services," totaling $3,235.20, plus

interest, attorney fees, and court costs pursuant to Neb. Rev. Stat. § 25-1801 (Cum. Supp. 2014). Section 25-1801 provided, in relevant part:

> Any . . . corporation in this state having a claim which amounts to four thousand dollars or less against any person . . . for (1) services rendered, (2) labor done, (3) material furnished . . . or (8) charges covering articles and service affecting the life and well-being of the debtor which are adjudged by the court to be necessaries of life may present the same to such person . . . for payment in any county where suit may be instituted for the collection of the same. If, at the expiration of ninety days after the presentation of such claim, the same has not been paid or satisfied . . . it may institute suit thereon in the proper court.

CBS' complaint concerned proper categories on which to seek collection under § 25-1801. And CBS asserted that due demand had been made for payment more than 90 days before commencement of the action and that payment had been refused. The amount of judgment sought was available under § 25-1801. See *id.* (if corporation establishes and secures judgment on its claim, it is entitled to recover full amount of judgment and all costs of suit thereon in addition to interest on amount of claim at rate of 6 percent per annum from date of presentation thereof and any attorney fees). Sundquist generally denied CBS' allegations, although he made no allegations in response to debt and expenses owed for two of the accounts referenced in the complaint.

The county court's second summary judgment order entered on July 24, 2017, described how it had vacated its October 24, 2016, summary judgment order and granted Sundquist's motion to withdraw his admissions because the pleadings showed that CBS had served its request for admissions on Sundquist at a different address than the one otherwise contained in the court records. It noted that with regard to the motion for summary judgment now pending before it, Sundquist had again failed to answer CBS' request for admissions, and they were therefore deemed admitted pursuant to Rule 36. The county court noted that Sundquist "again asserts that he did not receive the request for admissions and he requests time to respond. However, this time [CBS'] request for admissions was properly addressed to [Sundquist] at [same street address and lot number set forth in court's previous order], Fremont, Nebraska." Citing to case law, the county court relied upon the legal proposition that a letter properly addressed, stamped, and mailed raises a presumption that the letter reached the addressee in the usual course of the mails. The court noted that testimony by an addressee that the mail was not received could rebut the presumption; however, the county court nevertheless concluded that was simply a fact question which could be "decided by the trier of fact." The county court determined CBS met the presumption that the letter reached Sundquist in the usual course of the mails and that Sundquist failed to answer the request for admissions, which were deemed admitted. The county court entered judgment in favor of CBS for $3,235.20, plus interest, attorney fees, and court costs.

On the record before it, which did not include Sundquist's affidavit since the June 19, 2017, bill of exceptions had not been requested, the district court had to presume that there was evidence which supported the county court's entry of summary judgment. See *Tedco Development Corp., supra.* Also, even though the county court made a reference to a possible fact question raised by Sundquist, even accepting that Sundquist submitted an affidavit claiming he did not receive the second request for admissions sent to him, that claim alone would not preclude summary judgment.

Not every alleged factual dispute defeats an otherwise properly supported motion for summary judgment. See *Cruz v. Lopez*, 301 Neb. 531, 919 N.W.2d 479 (2018) (mere existence of some alleged factual dispute between parties will not defeat otherwise properly supported motion for summary judgment; only disputes over facts that under governing law might affect outcome of suit will properly preclude entry of summary judgment). See, also, *Recio v. Evers*, 278 Neb. 405, 771 N.W.2d 121 (2009) (simply alleging issue of fact is insufficient to defeat motion for summary judgment, evidence must be presented to support allegations). In this case, the record reflects that Sundquist was clearly receiving documents pertaining to CBS's action against him, except for the first request for admissions which were sent to an outdated post office box number. After successfully persuading the county court to vacate the first summary judgment order and to withdraw his default admissions, a second request for admissions was mailed to an address verified by Sundquist himself. Nevertheless, Sundquist once again claimed he did not receive the document. Such a pattern could continue indefinitely, and without more evidence than a claim of non-receipt, the county court could certainly conclude there were no material issues of fact in dispute. The district court properly affirmed the county court's July 24, 2017, summary judgment order.

## CONSTITUTIONALITY OF RULE 36

Sundquist asserts that Rule 36, as written, is contrary to the 5th and 14th Amendments. He contends that Rule 36, as "interpreted by the lower courts in the instant case," only requires a serving party provide "a notice" that a request for admissions was served upon the opposing party. Brief for appellant at 7. He suggests that the rule should require the serving party to "provide proof of service that the documents were actually sent or proof of delivery indicating that the opposing party actually received the documents." *Id*. However, as previously noted, a letter addressed, stamped, and mailed raises a presumption that the letter reached the addressee in the usual course of the mails. See *Waite Lumber Co., Inc. v. Carpenter*, 205 Neb. 860, 290 N.W.2d 655 (1980). Additionally, while the Nebraska Court Rules of Discovery in Civil Cases requires that every discovery paper and every motion related to discovery and response thereto be served upon a party, the rule does not set forth any requirement regarding proof of actual receipt of the documents. See Neb. Ct. R. Disc. § 6-326(f).

Whether the discovery rule as written is somehow contrary to due process principles as suggested by Sundquist is not an issue this court will address in this appeal. While we recall that in his "Notice of Issues" on appeal to the district court, Sundquist included a claim that Rule 36 was contrary to the due process clause, the record does not demonstrate that this was an issue initially raised before the county court, other than Sundquist's generalized claims of lack of due process when there is no showing of actual receipt of documents served. See *Linscott v. Shasteen*, 288 Neb. 276, 847 N.W.2d 283 (2014) (appellate court will not consider issue on appeal that was not presented to or passed upon by trial court). Additionally, Sundquist did not request the bill of exceptions for the hearing on June 19, 2017, which would have contained CBS' notice of service/request for admissions. We are unable to review exactly what CBS certified as its method of service when sending Sundquist the second request for admissions. And as noted previously, in the absence of a bill of exceptions, review on appeal is limited to whether the pleadings support

the judgment entered by the trial court, and it will be presumed that the evidence supports the judgment. See *Tedco Development Corp. v. Overland Hills, Inc.*, 205 Neb. 194, 287 N.W.2d 49 (1980). Accordingly, we decline to further address this assigned error, as the pleadings support the county court's judgment and the district court's affirmance of that judgment.

CONCLUSION

For the reasons set forth above, we affirm the judgment of the district court affirming the county court's July 24, 2017, summary judgment order.

AFFIRMED.